Leonard DEAN, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 45012.

Court of Criminal Appeals of Texas.

May 24, 1972.

Rehearing Denied July 19, 1972.

Melvyn Carson Bruder, Dallas (Court appointed on appeal), for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for robbery with firearms. Punishment was assessed by the jury at fifty years.

The sufficiency of the evidence is not challenged.

■ Appellant contends that the court erred in overruling appellant's motion to exclude evidence of his prior conviction for which he had received a probated sentence.

Art. 37.07, Sec. 3(a), Vernon's Ann.C. C.P. (1967), providing that prior criminal record of the defendant may be offered at the hearing on punishment, defines prior criminal record to mean a "final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial. . . ." Taylor v. State, Tex. Cr.App., 470 S.W.2d 663; Macias v. State, Tex.Cr.App., 451 S.W.2d 489; Glenn v. State, Tex.Cr.App., 442 S.W.2d 360. No error is shown.

■ Appellant contends that the court deprived appellant of a fair trial by "prejudicially limiting the scope of argument at the State's insistence."

The record reflects that the following occurred during argument of appellant's counsel:

"The State is going to ask you to come back with some enormous number of years. The most heinous crime that ever occurred in Dallas County and they will want life or 99 years, 50 years, whatever it is. It is a lifetime for this boy—

"MR. ORMESHER (State's counsel): I object to that, that's a misquotation of the law—

"MR. DAY: I'm not quoting the law. I am just stating what I anticipate the State will ask.

"THE COURT: I sustain the objection.

"MR. DAY: Exception, Your Honor. In any event, they will ask you to put this man away because he is not worth anything any more, just, you know, throw him back in the prison. There is no hope for him. He has showed you that there was hope for him when he was down here on probation and he abided by it. He did everything the Court told him to and if anybody was hurt in this robbery and, in fact, you say he did it, so, I must speak in those terms because of your decision then, he was the one that was injured physically. He was the one that had gashes in his head. Nobody else was injured, and, of course, that's what we have talked about, the reason for the wide range of punishment for robbery. If somebody had been shot, killed, injured badly, yes, on up into the upper range of years, but this was not true and it would be a miscarriage of justice to apply to this set of facts a long number of years for this boy. I don't believe you believe it is justified. I don't really believe that everyone is that convinced about the whole thing and you can temper that now with a decision of a lesser number of years.

"MR. TOKOLY: Your Honor, we object to that line of argument. The jury has found him guilty as he is charged. They don't have to compromise anything.

"THE COURT: I sustain the objection."

While appellant complains of the court limiting the scope of his argument, he fails to show what he would have told the jury but for the court's rulings. See 5 Tex.Jur. 2d, § 265. The record fails to show that appellant was injured thereby.

The judgment is affirmed.

Opinion approved by the Court.