Amador B. RODRIQUEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 46299.

Court of Criminal Appeals of Texas.

June 13, 1973.

Rehearing Denied July 11, 1973.

Richard T. Marshall, El Paso, Lorenzo E. Tapia, Albuquerque, N. M., for appellant (on appeal only).

**47**

John H. Green, Dist. Atty., Dennis Cadra, Asst. Dist. Atty., Odessa, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of unlawful possession of a narcotic drug, to-wit: heroin. Punishment was assessed at twenty years.

Seven grounds of error are alleged. The third and fourth grounds will be considered first, and will be discussed together. These contentions are that knowledge and control of the contraband were not shown, and the circumstantial evidence shows inferences that are as consistent with innocence as with guilt.

The record reflects that on July 21, 1970, a narcotics agent for the Texas Department of Public Safety set up a surveillance of appellant's home in Odessa. The surveillance was conducted by the officer concealing himself behind some mesquite bushes at a distance approximately one hundred and fifty yards from the house. Through his binoculars he saw the appellant on several occasions with known narcotics users. On one occasion he saw the appellant and another man on their hands and knees in the back yard. He testified that they were kneeling as if they were planting something. Thereafter, on the same date, the narcotics agent, along with two Odessa city police officers, executed a search warrant at the address and searched the premises. They found heroin buried in a small hole in the back yard.

While the search was in progress, the appellant arrived at the house and was placed under arrest.

The appellant, testifying in his own behalf, stated that he had arrived at the premises after 5:00 P.M. and found many persons there, causing him to be curious about the crowd gathered around. He tes-

tified that he knew nothing of any heroin on the premises. He admitted that he owned the house but that the same was under construction at the time, and that he had construction workers, including "a few wetbacks" employed at the site.

■ We agree with appellant's contention that knowledge and control are elements that must be proven in a possession of narcotics case. However, control may be shown by actual or constructive possession; and knowledge, being subjective, must always be inferred to some extent, in the absence of an admission by the accused. An affirmative link to the person accused with the possession of narcotics may be established by showing independent facts and circumstances which indicate the accused's knowledge and control of the narcotics. Alba v. State, Tex.Cr.App., 492 S.W.2d 555; Haynes v. State, Tex.Cr. App., 475 S.W.2d 739.

■ The appellant denied being in the back yard at all on the date in question but the jury chose to believe the testimony of the witness who actually saw him there. By believing that the appellant was in his back yard, on his hands and knees as though he were planting something, the jury could logically infer that his activity was that of possessing heroin and placing the same in the hole where it was found, in the back yard. Under the facts presented, we hold that knowledge and control of the contraband were shown and the evidence is sufficient to support the verdict. Alba v. State, supra; Yantis v. State, Tex.Cr.App., 476 S.W.2d 24.

■ The first ground of error is a contention that the conviction was "on the basis of evidence which was improperly admitted as the fruit of an illegal search, based upon an invalid search warrant, the affidavit for which failed to show probable cause."

The record reflects that when State's Exhibit No. 3 (the heroin in question) was offered in evidence the appellant announced, "We have no objection." Further, appellant stated that he did not contest the search warrant: "We have no quarrel with the search warrant, the reliability of the informant, and did not go into it." Also, "We have no quarrel with the search warrant, Your Honor." By failing to make a timely and proper objection to the introduction of the evidence, appellant waived any question of the illegality of the search. See, e. g., Ansley v. State, Tex. Cr.App., 468 S.W.2d 862, and cases cited therein.

Ground of error No. 2 complains of the admission of hearsay evidence.

The record reflects that State's Exhibit No. 1 was offered into evidence whereupon appellant objected that it was hearsay, and then the following occurred:

"THE COURT: . . . You are talking about the affidavit for the search warrant, is that what you went into?

(Discussion between Court and Counsel out of the hearing of the Reporter and Jury.)

THE COURT: I will show it admitted except for a sentence and a half on there.

MR. ALEXANDER: We have no objection."

■ This court has consistently held that hearsay information as to the existence of probable cause should not be heard by the jury. The question relative thereto is a question of law for the court to decide. Vara v. State, Tex.Cr.App., 466 S.W.2d 315. However, in the instant case, appellant caused to be deleted the portions of the affidavit that he complained about and then stated that he had no objection. Hence, he withdrew his original objection and preserved no error reviewable on appeal. Albitez v. State, Tex.Cr.App., 461 S.W.2d 609.

■ As to the admission of the search warrant, we note that appellant's objection was sustained. Thereafter, when the state again sought the introduction thereof, appellant objected and the court announced: "I am not letting it before the jury unless the defendant wants it." No reversible error is shown.

Ground of error No. 5 states that "The charge of the court does not sufficiently define the law and as such the jury was improperly charged."

■ The record reflects that no objection to the charge was made nor was a requested charge presented to the court pursuant to Articles 36.14 and 36.15, Vernon's Ann.C.C.P. Therefore, no error is preserved. See, e. g., Barrera v. State, Tex. Cr.App., 491 S.W.2d 879; Wood v. State, Tex.Cr.App., 486 S.W.2d 771; Golden v. State, Tex.Cr.App., 475 S.W.2d 273; Hill v. State, Tex.Cr.App., 466 S.W.2d 791.

Appellant's final two grounds of error relate to alleged improper jury arguments.

■ The record reflects that during the cross-examination of a state's witness the appellant asked the witness if the officers had checked the arms of the people found at the appellant's home for "track marks". The witness replied that they had not and then he was asked: "Q. Would some officer have looked to see if he had track marks? A. Possibly. We knew of him not being a user but a seller."

During final argument to the jury the prosecutor argued, "I submit to you that this man is a heroin seller." Appellant having elicited such testimony from the officer, we conclude that the argument was a reasonable deduction from the evidence. Cf. Alejandro v. State, Tex.Cr.App., 493 S.W.2d 230.

■ During his closing argument at the punishment phase of the trial, the prosecutor asked the jury to return a verdict of 3000 years. Although such argument is not condoned by this court (Cf. Sills v. State, Tex.Cr.App., 472 S.W.2d 119) no error is shown in the instant case since the verdict returned by the jury is twenty years.

There being no reversible error, the judgment is affirmed.