**Marion Lawrence GOODNEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47532.**

Court of Criminal Appeals of Texas.

Nov. 14, 1973.

---

Weldon Holcomb, Tyler, for appellant.

Curtis L. Owen, Dist. Atty., Tyler, Jim D. Vollers, State's Atty., Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

Probation was revoked on a previous misdemeanor conviction of driving while intoxicated; the sentence, $100 fine and 60 days in jail.

After the conviction on November 12, 1971, of the misdemeanor offense of driving while intoxicated on a public highway, in which appellant was granted probation on certain conditions, among which was that he not violate any laws of the state, he was again arrested on August 6, 1972, under circumstances justifying the conclusion that he had been guilty of a similar offense. Motion to revoke probation was heard by the court, probation was revoked and sentence pronounced.

Officer Cliborne of the Tyler Police Department testified that he first noticed appellant about midnight of August 6, 1972, when he was driving his automobile in an erratic manner on S. Broadway Street in Tyler, weaving from side to side, stopping at caution lights when there was no traffic, and when stopped he had to hold to the side of the car to aid him in walking, his speech was slurred, saliva was running out of his mouth, he had the strong odor of alcoholic beverages, he had no shirt, no shoes, no belt, his pants were unzipped and his undershorts were exposed. The officer asked him if he had been drinking, and he said: "Three or four beers." He was thereupon taken into custody by the officer.

■ The evidence was sufficient to justify the court in revoking probation.

Objection was made to the admissions appellant made to Officer Cliborne at the scene above described, on the ground that he was not warned under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694, and Article 38.22, Vernon's Ann.C. C.P.

■ The court ruled correctly. The statements made by appellant were res gestae both of the offense and of the arrest, and no such warnings were required to render them admissible. Art. 38.22, Sec. 1(f), V.A.C.C.P.; Parsley v. State, 453 S. W.2d 475; Higgins v. State, Tex.Cr.App., 473 S.W.2d 493; Steele v. State, Tex.Cr. App., 496 S.W.2d 66; Miles v. State, Tex. Cr.App., 488 S.W.2d 790.

■ After notice of appeal, but before the appellate record was approved, the trial court nunc pro tunc ordered clerical errors corrected to show that probation was granted on November 12, 1971, not in 1972, and probation was revoked on September 22, 1972, not on October 26, 1972. At this time the trial court still had jurisdiction

and properly corrected the record to speak the truth. Art. 40.09, Sec. 7, and Art. 44.-11, V.A.C.C.P. See Rangel v. State, Tex. Cr.App., 408 S.W.2d 231; Brill v. State, Tex.Cr.App., 408 S.W.2d 232. If the trial court had not corrected the judgment, it could have been done by this Court.

We have also considered the other contentions of appellant's energetic counsel, but fail to find merit in them.

The judgment is affirmed.

Opinion approved by the Court.