**R. C. PERKINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47315.**

Court of Criminal Appeals of Texas.

Feb. 6, 1974.

Gene W. Caldwell, Tyler, for appellant.

Curtis Owen, Dist. Atty., Pete Menefee, Asst. Dist. Atty., Tyler, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This appeal results from a conviction for felony theft wherein the punishment was assessed at ten (10) years by the trial court following a verdict of guilty.

The appellate record[1] reflects that James Hankins, owner of a cafe in Tyler, testified that on July 13, 1968, a Saturday, he opened his cafe at 5 p. m. and kept it open until about 4 a. m. Sunday when he closed it and fell asleep at one of the tables. The front door was locked and the back screen door was hooked. About 5:45 a. m. he was awakened by the sound of

---

1. The record reflects that appellant's trial commenced on September 12, 1968. The transcription of the court reporter's notes was certified to on December 4, 1968, but was not filed with the District Clerk until December 4, 1970, two years later. It appears from testimony on the nunc pro tunc hearing in this cause that the transcription of the court reporter's notes and a copy thereof were misplaced or taken from the Distict Clerk's of-

fice without authority. An extensive search failed to uncover the instruments. Sometime later, the copy was found in the District Attorney's office and filed. By this time appellant's original court-appointed counsel on appeal moved from Tyler without taking any action on the appeal. The record was not approved until March 2, 1973, and subsequently filed in this court on June 13, 1973.

**564**

"change" falling to the floor. He went immediately to the area of the cash register, where he saw the appellant, whom he knew, and told him to put down the money or that he would call the police. The appellant, according to the witness, fled out the back door. Hankins testified that a money bag and over two hundred dollars ($200) were missing and removed from the premises. He determined that entry had been effected by cutting a hole in the back screen door. He related that he had not given the appellant or anyone else permission to enter his business establishment and take any personal property.

Appellant's brief concedes that the first ten grounds of error were not preserved for review and are not supported by the appellate record. We agree and overrule the same.

■ He does challenge the sufficiency of the evidence to sustain the conviction, but, from the facts described above, it is clear that this contention is without merit.

Lastly, appellant complains of the trial court's action in entering a nunc pro tunc order correcting the judgment and the sentence to reflect a conviction for felony theft rather than for burglary as entered originally as a result of a clerical error.

■ At the time of the nunc pro tunc hearing, the appellate record had not been filed in this court and the trial court still had jurisdiction of the case under the provisions of Article 40.09, Vernon's Ann.C. C.P., and had the authority to enter the nunc pro tunc order. See also Article 44.-11, Vernon's Ann.C.C.P.; Rangel v. State, 408 S.W.2d 231 (Tex.Cr.App.1966); Brill v. State, 408 S.W.2d 232 (Tex.Cr.App. 1966); Tucker v. State, 416 S.W.2d 437 (Tex.Cr.App.1967); and Brock v. State, 449 S.W.2d 471 (Tex.Cr.App.1969). We do not interpret Article 42.06, Vernon's Ann.C.C.P. (which provides that a judgment and sentence may be entered nunc pro tunc if there has been a failure to enter the same "unless a new trial has been granted, or the judgment arrested, or an appeal has been taken") as prohibiting the action of the trial court herein.

Appellant's pro se brief has been examined, studied and found to be without merit with regard to the contentions advanced therein.

The judgment is affirmed.