**Leroy McBRIDE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 12–81–0045–CR, 12–81–0046–CR.**

Court of Appeals of Texas,
Tyler.

March 10, 1982.

Rehearing Denied March 25, 1982.

Discretionary Reviews Refused
May 26, 1982.

Paul Tatum, Nacogdoches, for appellant.

Herbert Hancock, Nacogdoches, for appellee.

PER CURIAM.

This is an appeal from an order revoking the appellant's probation. On February 4, 1977, appellant entered pleas of guilty before the court to the offense of burglary in each of the two cases before us on appeal. Punishment was assessed at eight years in the Texas Department of Corrections in each cause plus a fine of $1,000 in Cause No. 10,234–77–2. Appellant was placed on probation for eight years in each cause. On April 7, 1981, the State filed an Application for Revocation of Probation. On June 14, 1981, a hearing on the Application to Revoke was held before the court, at the close of which the trial court entered an order revoking appellant's probation because he had violated the terms and conditions of his probation, requiring that he commit no offense against the laws of the State, by driving while intoxicated.

Appellant's single ground of error contends the trial court abused its discretion in revoking the probation by admitting into evidence an oral statement of the defendant while under arrest as "res gestae."

Officer Michael Epstein of the Nacogdoches Police Department testified that at approximately 3:30 a. m., April 5, 1981, while he was traveling in a patrol car on North Street in Nacogdoches, he noticed appellant's car weaving back and forth be-

tween the northbound lanes at a very slow rate of speed. After following the appellant, Officer Epstein stopped appellant. Epstein got out of his patrol car as did the appellant from his car, without being asked to do so. As appellant approached the officer, before being asked anything, he volunteered that he had consumed a case of beer over the past several hours. Appellant had difficulty maintaining his balance and had an odor of alcoholic beverages on him.

At this stage of Epstein's testimony, the following proceedings occurred:

Q When he approached you did he volunteer any information?

A Yes, he did.

MISS SULLIVAN: Judge, we would offer this as a res gestae statement. I have not discussed it with Mr. Tatum but we would offer it.

MR. TATUM: He's going to have to show—We obviously have a man in custody. He's going to have to show a Miranda warning. We'll object to any statement made at this point in time until—The Court's ruled he had probable cause to stop him. Obviously he was—his investigation had focused on him and has him staggering out, according to his testimony and the overwhelming whiff of aroma that he has identified now as alcohol. Therefore, the necessity would exist for a Miranda Warning. We would object to any oral statement at this point, Judge.

THE COURT: Overruled unless the facts show that it applies, if it does the Court will not consider it, otherwise the Court will not consider it.

MR. TATUM: Respectfully note our exception.

THE COURT: Yes.

MR. TATUM: Can I have a running objection on the oral statement.

THE COURT: You may.

Q Officer, did this Defendant volunteer any information?

A Yes, he did.

Q And was this prior to your asking him any questions?

A No. He offered it to me. He came— he approached me and attempted to explain why he was in the condition that he was.

Q Would you tell this Court what he said to you?

A He told me that he had drank approximately a case of beer over the last several hours.

■ In determining whether statements are admissible as res gestae, each case must be considered on its own merits. *Harryman v. State*, 522 S.W.2d 512 (Tex.Cr.App.1975); *Patterson v. State*, 458 S.W.2d 658 (Tex.Cr.App.1970).

In *Jones v. State*, 458 S.W.2d 654 (Tex.Cr.App.1970), the Court of Criminal Appeals, in part, held: "If a statement is admissible as res gestae the fact that it is made in response to an inquiry, or while under arrest does not render the testimony inadmissible." *Spann v. State*, 448 S.W.2d 128 (Tex.Cr.App.).

The circumstances here presented distinguish this case from the custodial interrogation situation. See *Newberry v. State*, 552 S.W.2d 457 (Tex.Cr.App.1977).

■ We find the court ruled correctly. The statements made by the appellant were res gestae of both the offense and of the arrest, therefore a warning was not required in accordance with *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and Art. 38.22, V.A.C.C.P. *Goodney v. State*, 501 S.W.2d 311 (Tex.Cr.App.1973).

There being no reversible error, the judgment is affirmed.