**Donald Ray JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00621–CR.**

Court of Appeals of Texas, Dallas.

Dec. 3, 1982.

Richard Anderson, Dallas, for appellant.

Henry Wade, Dist. Atty., Jeff Keck, Asst. Dist. Atty., Dallas, for appellee.

## ON MOTION FOR REHEARING

AKIN, Justice.

The panel opinion is withdrawn and the following is the opinion of the court sitting en banc.

Defendant appeals from his conviction for forgery. Punishment, enhanced by two prior convictions, was assessed at life imprisonment. Defendant contends that the trial court erred in failing to allow him the opportunity to elect that the jury assess punishment and that the evidence is insufficient to support a conviction. We hold that we must presume that the trial judge ruled correctly in denying defendant the right to have the jury assess punishment because the record is silent as to whether he filed his election to have the jury assess punishment before he pleaded to the indictment before the jury. We also hold that Tex. Code Crim.Pro. art. 40.09(7) (Vernon Supp. 1982) authorizes the judge to hold a hearing to make the record speak the truth. Accordingly, we affirm.

The record reflects that the entire trial was held on May 19, 1981. Additionally, the transcript contains a motion, file marked May 19, 1981, in which the defendant requested that the jury assess punishment. The record does not, however, show whether this request was filed before or after pleading to the indictment in open court. During jury deliberations on guilt or innocence, the trial judge made the following statement:

> All right. We are about to receive the jury verdict at this time. Now, of course, if the verdict is not guilty that ends the trial; however, if there is a guilty verdict in this case, the election to go to the jury was filed on May 19, 1981. In this trial, the plea to the indictment was May 18, 1981. For it to be a jury question, with regard to the issue of punishment—if that is to be the case, it will have to be done with the permission of the State of Texas.

The State refused to agree to having the jury assess punishment and the trial court set defendant's punishment at life imprisonment. After appeal had been perfected to this court, a hearing was held by the trial judge at the request of the State to determine whether defendant's motion had been timely filed. The prosecutor testified that defendant's motion was filed after both sides had rested, and the judge observed that the election was filed after the testimony had been completed. The trial judge found at the conclusion of the hearing that defendant's motion was filed after he had pleaded to the indictment before the jury and, thus, was untimely. Accordingly, a supplemental statement of facts was filed reflecting this proceeding.

Defendant argues that the trial judge erred in refusing to allow the jury to assess

punishment because his motion to have the jury assess punishment was timely filed. We do not agree. The trial judge later held a hearing to determine the truth with respect to the question of whether the motion was filed after the defendant had pleaded to the indictment. This hearing showed that the motion was filed too late. Our question then is whether the judge could validly conduct such a hearing after the case had been appealed. We hold that he could.

Tex.Code Crim.Pro.Ann. art. 40.09(7) (Vernon 1979) provides in part:

> If the trial court deems that a supplemental record or any other modification of the record be necessary to make the record speak the truth, for any reason, with or without objections from the state or the defendant, and whether on the court's own motion or the motion of either party or *by order of the court of appeals or the Court of Criminal Appeals,* the defendant shall be notified ... [Emphasis added.]

By specifically providing that the record may be supplemented by order of the court of appeals or Court of Criminal Appeals, section 7 clearly contemplates that the record may be supplemented after an appeal has been filed. The Court of Criminal Appeals has consistently held that the trial court has the jurisdiction to conduct such hearings even after an appeal has been perfected. *See Schroeder v. State,* 543 S.W.2d 382, 384 (Tex.Cr.App.1976); *Guzman v. State,* 521 S.W.2d 267, 271–73 (Tex. Cr.App.1975). *See also Resnick v. State,* 574 S.W.2d 558 (Tex.Cr.App.1978); *Perkins v. State,* 505 S.W.2d 563 (Tex.Cr.App.1974).

■ The precise question presented is whether the provisions of article 40.09(7) authorize the trial judge to "cause the record to speak the truth" only to correct an erroneous record, as the dissent would hold, or whether article 40.09(7) also authorizes the court to supply an omission where the record is silent. We hold that article 40.09(7) permits the trial judge to hold a hearing to make the record speak the truth either where the record is incorrect as to what transpired at trial or where the record is silent as to the truth of what occurred at trial. As we read article 40.09(7), we find no language that precludes this holding or supports the narrow construction of the dissent. In view of the trial judge's finding after this hearing that defendant's motion though filed on May 19, was filed after the defendant pleaded to the indictment, the trial judge's denial of defendant's motion to have the jury assess punishment was correct, even though the judge had erroneously thought at the time of trial that the plea before the jury was on May 18, 1981, rather than on May 19.

■ Furthermore, we do not read Tex. Code Crim.Pro.Ann. art. 44.11 (Vernon Supp.1982) as a limitation on the trial judge's jurisdiction to make the record speak the truth under article 40.09(7). Instead, article 44.11 merely precludes the trial judge from *changing his judgment* after the appellate record has been filed in the court of appeals and does not pertain to "making the record speak the truth" as authorized under article 40.09(7). Tex.Code Crim.Pro.Ann. art. 44.11 (Vernon Supp. 1982) provides:

> Upon the appellate record being filed in the court of appeals or the Court of Criminal Appeals, all further proceedings in the trial court, except as to bond as provided in Article 44.04, shall be suspended and arrested until the mandate of the appellate court is received by the trial court. In cases where the record or any portion thereof is lost or destroyed it may be substituted in the trial court and when so substituted the record may be prepared and transmitted to the court of appeals or the Court of Criminal Appeals as in other cases.

Nothing in this statute precludes a hearing under article 40.09(7). To hold as the dissent would have us do, would render meaningless that part of article 40.09(7) which provides that either the court of appeals or the Court of Criminal Appeals may order a hearing to make the record speak the truth. Obviously, the appellate record has been filed before either appellate court could or-

der a hearing under article 40.09(7). Thus, the dissent's construction of these statutes fails to give effect to the clear language of article 40.09(7).

 Apart from the reason above stated, we affirm because if we disregard the subsequent hearing and finding, and take the record as silent as to the exact time of filing the motion, we must presume in support of the trial judge's ruling that the motion was filed *after* pleading to the indictment in open court before the jury. Where procedural requirements do not affirmatively appear in the record to have been violated, a presumption of regularity of the trial judge's ruling must prevail. *Green v. State,* 510 S.W.2d 919, 921 (Tex.Cr. App.1974). This rule has been stated in different language in *McCloud v. State,* 527 S.W.2d 885, 887 (Tex.Cr.App.1975) and in other cases to the effect that the appellate court should indulge a presumption of regularity in proceedings and in "documents." *McCloud* at 887. We do not read, however, *McCloud* to enunciate a different rule, as does the dissent. As we read *McCloud,* the court in that case indulged a presumption that objections to the charge in that case had been filed timely because the "judge specifically denied the appellant's objections." That court reasoned that the judge would not have ruled upon the objections had they not been timely filed. Thus, *McCloud* is consistent with the rule that the trial judge's actions are correct unless the contrary appears in the record. *See Hackey v. State,* 500 S.W.2d 520, 521 (Tex.Cr.App. 1973) (absent an objection, appellate court will presume that defendant agreed that trial judge should assess punishment); *Garza v. State,* 479 S.W.2d 294, 296–97 (Tex.Cr. App.1972) (where record silent, appellate court will presume that the State acquiesced in judge assessing punishment). *See also Davis v. State,* 507 S.W.2d 740 (Tex.Cr.App.1974) (presumed that proper number jurors empaneled); *Bishop v. State,* 507 S.W.2d 745 (Tex.Cr.App.1974) (indictment presumed filed after commission of alleged offense); *Lewis v. State,* 501 S.W.2d 88 (Tex.Cr.App.1973) (procedural requirements on convictions in enhancement counts presumed); *Haas v. State,* 498 S.W.2d 206 (Tex.Cr.App.1973) (exercise of discretion in allowing witness who violated rule to testify presumed properly exercised).

Defendant contends also that the State failed to establish the allegations of the indictment. We do not agree. The indictment, charging defendant with forgery pursuant to Tex. Penal Code Ann. § 32.-21(a)(1)(B) (Vernon 1974), alleged, in pertinent part, that defendant:

> did intentionally and knowingly with intent to defraud and harm another, pass to Rufus Ward Jr. a forged writing knowing such writing to be forged, and such writing had been so made that it purported to be the act of W.J. Luscinskas who did not authorize the act. . . .

At trial, the State introduced the check which was drawn on the printed checks of Dealer Printing Corporation. The check was made out to Donald R. Jones and was signed "W.J. Luscinskas." The general manager of Dealer testified that the corporation was owned by Mr. Craft and that he was the only person authorized to sign checks. The State also introduced the testimony of a William Joseph Luscinskas, who testified that he had never heard of Dealer Printing Corp., Mr. Craft, nor defendant and that he did not authorize anyone to sign the check. Finally, Rufus Ward Jr. testified that he saw defendant endorse the check, that defendant presented the check with his driver's license to him for payment, and that when he attempted to verify the check, defendant fled.

 Defendant argues that the State had to prove by handwriting analysis or by an independent witness either that the State's witness, William Joseph Luscinskas, was the *only* W.J. Luscinskas that could have authorized the signature or that defendant had in fact signed the signature of W.J. Luscinskas to the check. Defendant insists that the State failed to prove either of these. We hold, however, that the evidence was sufficient to support defendant's conviction. The general manager of Dealer Printing testified that *only* Mr. Craft was

authorized to sign Dealer Printing's checks and he did not authorize W.J. Luscinskas to sign any of the checks. Consequently, neither the State's witness nor any other W.J. Luscinskas would have had authority to sign a Dealer Printing check. The State's evidence was thus sufficient to support a conviction for forgery. *See McNeese v. State,* 596 S.W.2d 906 (Tex.Cr.App.1980); *Landry v. State,* 583 S.W.2d 620 (Tex.Cr. App.1979).

Affirmed.

GUITTARD, C.J., and ROBERTSON, CARVER, SPARLING, FISH and GUILLOT, JJ., join in this opinion.

WHITHAM, Justice, dissenting.

I respectfully dissent. In his second ground of error appellant complains that the trial court erred in failing to allow appellant his opportunity to elect that the jury assess punishment. I agree. Accordingly, I would reverse. Because I agree with the majority that the evidence is sufficient to support the conviction, I would remand.

The record reflects that the entire trial was held on May 19, 1981. Appellant filed a motion, file marked May 19, 1981, requesting that the jury assess punishment. During jury deliberations on guilt or innocence, the court made the following statement outside the presence of the jury:

> All right. We are about to receive the jury verdict at this time. Now, of course, if the verdict is not guilty that ends the trial; however if there is a guilty verdict in this case, the election to go to the jury was filed on May 19, 1981. In this trial, the plea to the indictment was May 18, 1981. For it to be a jury question, with regard to the issue of punishment—if that is to be the case, it will have to be done with the permission of the State of Texas.

The State refused to agree that the jury should assess punishment, thus the trial court set appellant's punishment.

At the outset I note that the trial court was mistaken regarding the date the plea to the indictment was entered. The docket sheet of the trial court reflects that appellant was arraigned on May 18 and a plea of not guilty was entered; however, the indictment was not read to the jury and appellant's plea to it was not entered until May 19. It is thus unclear whether the trial court required the State's consent because it believed, as the State now argues, that appellant's election to have the jury assess punishment should have been filed at the time of arraignment and was thus untimely or whether, because the trial court was mistaken about the date on which the indictment was read to the jury in open court, it believed the election was filed one day too late. In any event the trial court, in an effort to correct the mistake, held a hearing on December 11, 1981, after appellant had been sentenced, had given notice of appeal, and briefs had been filed in this court. At that hearing, the assistant district attorney who participated in appellant's trial testified that appellant's election to have the jury assess punishment was filed only after both sides had rested. The trial court also observed that the election was filed only after testimony had been completed and filed findings of fact to that effect. For the reasons stated below, I would hold that the trial court was without jurisdiction to hold a hearing such as the one held; that an election to have the jury assess punishment must be made at or before the time the indictment is read to the jury and a defendant enters his plea to it; and, because appellant's election motion was file marked May 19, 1981, and there is no competent evidence before this court that it was not made at or before the time appellant entered his plea on that date, the election to have the jury assess punishment was timely filed.

I address first the question of the trial court's jurisdiction to hold a hearing such as the one held in the present case. Tex.Code Crim.Pro.Ann. art. 44.11 (Vernon Supp. 1982) provides:

> Upon the appellate record being filed in the court of appeals or the Court of Criminal Appeals, all further proceedings in the trial court, except as to bond as provided in Article 44.04, shall be suspended and arrested until the mandate of the appellate court is received by the trial

court. In cases where the record or any portion thereof is lost or destroyed it may be substituted in the trial court and when so substituted the record may be prepared and transmitted to the court of appeals or the Court of Criminal Appeals as in other cases.

The record reflects that the transcript and statement of facts in this case were filed in this court on September 14, 1981. The hearing held by the trial court occurred on December 11, 1981, thus the clear language of article 44.11 was violated by the hearing. In findings of fact filed by the trial court on that date, however, the trial court found that it had jurisdiction under Tex.Code Crim.Pro.Ann. art. 40.09 (7) (Vernon Supp. 1982). I cannot agree. That section provides:

7. Approval of the record

Notice of completion of the record shall be made by the clerk by certified or registered mail to the parties or their respective counsel. If neither files and presents to the court in writing any objection to the record, within 15 days after the mailing of such notice and if the court has no objection to the record, he shall approve the same. If the trial court deems that a supplemental record or any other modification of the record be necessary to make the record speak the truth, for any reason, with or without objections from the state or the defendant, and whether on the court's own motion or the motion of either party or by order of the court of appeals or the Court of Criminal Appeals, the defendant and the state shall be notified by certified or registered mail of same and be given five days from receipt of notice for objections to such modification or supplementation. If objection be made, or if the court fails to approve the record within five days after the expiration of such 15-day period, the court shall set the matter down for hearing, and, after hearing, shall enter such orders as may be appropriate to cause the record to speak the truth and the findings and adjudications in such orders, if supported by evidence, shall be final. In its discretion, the court may require the attendance of the defendant at such hearing. Such proceeding shall be included in the record, and the entire record approved by the court.

The majority points out, and I agree, that under Tex.Code Crim.Pro.Ann. art. 40.09(7) (Vernon Supp.1982) the trial court may supplement the record after appeal is perfected. Under the clear language of article 40.09(7), however, supplementation of the record after perfection of appeal is limited to supplementation which would "make the record speak the truth." This was not done in the present case. The original record spoke the truth in that it accurately portrayed what happened in the trial court, including accurately showing that the trial court was confused about the date on which appellant's request to have the jury assess punishment was due. The hearing held by the trial court was not for the purpose of making the record speak the truth, rather, the hearing was an effort *to add* to the original record. The original record showed that appellant's request was filed on May 19. The hearing added evidence of the time of day on May 19 at which the request was filed. This cannot be permitted, otherwise, the door would be open for presentation of new evidence and additional proof after the trial has ended and appeal is being taken, particularly which could answer grounds of error asserted by an appellant. In order to show that appellant's request for jury assessed punishment was filed too late on May 19, the trial court should have included that evidence before the record was approved. Once approved, article 40.09(7) prohibits inclusion of additional evidence, other than evidence inadvertently omitted from the original record or evidence inaccurately reported in the original record. The record reflects, however, that the trial court had approved the record on August 31, 1981. Article 40.09(7) clearly contemplates that hearings such as the one held in the present case be held before the record is approved by the trial court and filed in this court.

Moreover, the majority's emphasis on the language "by order of the court of appeals"

contained in article 40.09(7) is misplaced. That language applies to "notice" to the state and defendant of the *trial court's* decision to make the record speak the truth. Contrary to the holding by the majority, article 40.09(7) does not authorize the court of appeals or the Court of Criminal Appeals to determine that the record should be made to "speak the truth." Nowhere does article 40.09(7) specifically provide, as held by the majority, "that the record may be supplemented by order of the court of appeals or Court of Criminal Appeals."

I would hold, therefore, that after the record was approved by the trial court and filed in this court the trial court was without jurisdiction to conduct further proceedings except as to those excluded under article 44.11.

I next address the question of whether appellant's motion to have the jury assess punishment was timely filed. Tex.Code Crim.Pro.Ann. art. 37.07 § (2)(b) (Vernon 1981) provides:

> (b) Except as provided in Art. 37.071, if a finding of guilty is returned, it shall then be the responsibility of a judge to assess the punishment applicable to the offense; provided, however that . . . (2) in other cases where the *defendant so elects in writing at the time he enters his plea in open court,* the punishment shall be assessed by the same jury. If a finding of guilty is returned, the defendant may, with the consent of the attorney for the State, change his election of one who assesses the punishment. (emphasis added)

The phrase "in open court" in this section has been interpreted to mean at the time a defendant makes his plea to the indictment before the jury. *Donald v. Jones,* 445 F.2d 601 (5th Cir.1971); *Donald v. Decker,* 318 F.Supp. 563 (N.D.Tex.1970); *Toney v. State,* 586 S.W.2d 856 (Tex.Cr.App.1979). Appellant, therefore, had until May 19, the date on which the indictment was read to the jury and appellant entered his plea in open court, to file his election to have the jury assess punishment. Appellant's election was file marked May 19, 1981, thus we

must presume that it was timely filed, i.e. filed before the plea was entered. *See, McCloud v. State,* 527 S.W.2d 885, 887 (Tex. Cr.App.1975); *Nichols v. State,* 511 S.W.2d 945, 947–948 (Tex.Cr.App.1974). The statement made by the trial court does not overcome this presumption because it shows only that the court was mistaken about when the indictment was read to the jury. It does not show that appellant's motion was filed after the indictment had been read on May 19. Appellant's election to have the jury assess punishment was therefore timely filed and the trial court erred in denying appellant the opportunity to have the jury assess punishment.

The majority would not rely on *McCloud.* I respectfully submit that they should. In *McCloud* the court held that "we must indulge every presumption in favor of the regularity of the proceedings and documents in the lower courts." *Supra* at 887. In *McCloud* the defendant presented two objections to the court's charge to the jury, both of which were overruled. On appeal the question presented was whether the objections were timely filed, i.e., whether the objections were presented before the charge was read to the jury. The record showed that the charge was read to the jury on July 24, and that the charge and the objections to it were filed on July 24. The Court of Criminal Appeals held that because the file mark on the written objections showed that they were filed on the same date that the charge was read to the jury and the trial court denied the defendant's objections, there was a presumption that the objections were timely filed. The court then reversed the conviction.

In the present case, appellant's election to have the jury assess punishment, in order to be timely, had to be filed at or before appellant's plea to the indictment. Appellant entered his plea on May 19. The record reflects that appellant's written election was filed on May 19. Under the holding of *McCloud,* we must presume that the written election filed on May 19 was filed at the time it should have been filed, i.e., on May 19 before appellant entered his plea to the

indictment. We cannot presume that appellant's election, which shows on its face that it was filed on the correct date, was filed after appellant's plea to the indictment because to do so would violate the holding of *McCloud* that there is a presumption in favor of the regularity of trial proceedings and documents.

For the reasons stated I would reverse and remand.

ALLEN, J., concurs in this dissent.

STEPHENS, Justice, dissenting.

I respectfully dissent.

In two grounds of error, appellant contends that the trial court erred in failing to allow the jury to assess his punishment, and that the evidence is insufficient to support his conviction. I agree with the majority that the evidence is sufficient to support his conviction, but would hold that the trial court erred in denying appellant's motion for the jury to assess punishment. Accordingly, I would reverse and remand for a new trial.

The trial record as approved by the trial court and filed in this court shows that the case was called for trial and tried on May 19, 1981. Appellant filed a motion, file marked the same day, requesting that the jury assess punishment. In denying the motion, the trial judge erred by stating that the motion was untimely because it was not filed the previous day when appellant entered his plea at arraignment. The law is clear that a motion for the jury to assess punishment is timely filed if filed in open court when the indictment is read to the jury. *Toney v. State,* 586 S.W.2d 856 (Tex. Crim.App.1979). The record shows that the indictment was read to the jury and appellant's plea to it was entered on May 19, 1981.

In an effort to correct this error, the trial court held a hearing on December 11, 1981 to show that the appellant's election to have the jury assess punishment was untimely because it was not filed until after both sides had rested their case. The majority opinion takes the position that Article 40.-09(7) of the Code of Criminal Procedure grants permission for the trial court, on its own motion or the motion of any party, to hold a hearing, after the record has been approved, to supplement the record so that it "speaks the truth." I disagree with this position.

A careful reading of Article 40.09(7) reveals that its procedure to correct the record is one which may be utilized only *before* the trial court has certified the record to be correct. Furthermore, the Code of Criminal Procedure provides, in relevant part:

Upon the appellate record being filed in the court of appeals or the Court of Criminal Appeals, all further proceedings in the trial court, except as to bond as provided in Article 44.04, shall be suspended and arrested until the mandate of the appellate court is received by the trial court.

Tex.Code Crim.Pro.Ann. art. 44.11 (Vernon Supp.1982).

The record reflects that the trial court had approved the record on August 31, 1981, and that the transcript and statement of facts were filed in this court on September 14, 1981. Thus, the trial court clearly lacked jurisdiction to hold a hearing on December 11, 1981. *See, Goodney v. State,* 501 S.W.2d 311 (Tex.Cr.App.1973). Consequently, we cannot look to that hearing, but only to the record which is properly before us.

The record before us, therefore, shows that on May 19, the date on which the indictment was read to the jury, appellant entered his plea in open court and filed his election to have the jury assess punishment. Since appellant's election was file marked May 19, 1981, we must presume that it was timely filed. *McCloud v. State,* 527 S.W.2d 885 (Tex.Cr.App.1975). The statement made by the trial court in denying appellant's motion does not overcome this presumption because it shows only that the judge was acting under a mistaken view of the law, i.e., that the motion was untimely because it was not filed when appellant entered his plea at arraignment.

**554**

I agree with the majority that the evidence was sufficient to support the conviction.

For the reasons stated above, I would reverse and remand for a new trial.

STOREY and VANCE, JJ., concur in this dissent.