Johnny JAMES, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–82–0027–CR.

Court of Appeals of Texas,
Amarillo.

Oct. 21, 1983.

Mark C. Hall, Law Offices of O'Shea &
Hall, P.C., Lubbock, for appellant.

John T. Montford, Crim. Dist. Atty., Mar-
ta Y. Rosas, Asst. Crim. Dist. Atty., Lub-
bock, for appellee.

Before REYNOLDS, C.J., and COUN-
TISS and BOYD, JJ.

COUNTISS, Justice.

Appellant plead guilty to a charge of
delivery of a controlled substance, Tex.Rev.
Civ.Stat.Ann. art. 4476–15, §§ 4.02(b), 4.03
(Vernon 1976) (amended 1981), and a jury
assessed punishment of ten years in the
penitentiary. In this court, he attacks the

conviction by three grounds of error, alleging the trial court (1) failed to give the jury a verdict form that would have allowed it to grant probation; (2) improperly restricted his closing argument and (3) erroneously refused to grant a mistrial when the State referred to an extraneous offense. We affirm.

Appellant's first ground, by which he contends the jury was not given a verdict form that would have allowed it to grant probation, was not raised in the trial court but is advanced in this court as fundamental error. The record initially filed here on January 26, 1982, contains a timely application for probation, the trial court's charge on punishment, by which the court instructed the jury on the probation law, and the verdict form by which the jury assessed appellant's imprisonment. That record does not contain any other verdict forms. From the statement of facts, we learn that the trial court expressly extended an opportunity to appellant's counsel to object to the charge, which he declined, and that both parties extensively argued to the jury appellant's request for probation.

In February of 1983, pursuant to a motion by the State for completion of the record, the trial court conducted a hearing to determine whether the proper verdict forms were before the jury. At that hearing, the State presented evidence that five verdict forms, including a probation verdict form, were attached to the charge that was handed to the jury. The trial judge stated the same facts for the record. Appellant did not controvert that evidence. The pleadings and evidence from the hearing were then filed in this court, over appellant's objection, on April 11, 1983, as a supplemental record.

Initially, we must decide whether the supplemental record is properly before us. Prior to 1981, article 44.11 of the Code of Criminal Procedure * permitted a trial court to retain jurisdiction over bond matters under article 44.04 and "the proceedings in article 40.09" after a record was filed in the appellate court. However,

when article 44.11 was amended in 1981, the reference to article 40.09 proceedings was eliminated and, as pertinent here, article 44.11 now states:

> Upon the appellate record being filed in the court of appeals or the Court of Criminal Appeals, all further proceedings in the trial court, except as to bond as provided in Article 44.04, shall be suspended and arrested until the mandate of the appellate court is received by the trial court.

Tex.Code Crim.Proc.Ann. art. 44.11 (Vernon Supp.1982).

■ Under well-settled rules of statutory construction, we must presume that the Legislature intended to dispense with the exception that allowed article 40.09 proceedings to continue after other proceedings are suspended. *Gateley v. Humphrey*, 151 Tex. 588, 254 S.W.2d 98, 101 (1952). To hold otherwise would give no effect to the 1981 amendment, and would change the plain meaning of the statute as it now reads. *Ex parte Trahan*, 591 S.W.2d 837, 842 (Tex.Cr.App.1979). Thus we construe article 44.11 to mean that a trial court lacks the authority to supplement the record in a criminal case after the record is filed in the appellate court. *Duncan v. Evans*, 653 S.W.2d 38, 39 (Tex.Cr.App.1983). Any request for supplementation or correction of the record after that time must be addressed to the appellate court. We conclude, therefore, that the supplemental record is not properly before us and we will not consider it for any purpose.

We are aware that the Dallas Court of Appeals has reached a different result under similar facts, relying on article 40.09(7) which permits the trial court to supplement or modify the record to make it speak the truth. *Jones v. State*, 644 S.W.2d 546, 548–549 (Tex.App.—Dallas 1982) *pet. ref'd* 646 S.W.2d 449 (Tex.Cr.App.1983). We note, however, that the Court of Criminal Appeals expressly declined to approve that conclusion when it refused discretionary review. *Jones v. State*, 646 S.W.2d 449 (Tex.

---

* All articles cited are from the Texas Code of Criminal Procedure.

Cr.App.1983). Additionally, we find nothing in article 40.09(7) that conflicts with our conclusion. If the trial court finds that the record should be supplemented or modified before it is filed in the appellate court, the court is granted authority to do so under article 40.09(7). After the record is filed, however, the trial court loses jurisdiction of the case under article 44.11 and, if the record is to be supplemented or modified thereafter, it must be by order of the appellate court upon abatement of the appeal. *Duncan v. Evans, supra.*

■ Our inability to consider the supplemental record does not aid appellant, however. When he contends the jury was not furnished all of the verdict forms called for by the charge, he must affirmatively demonstrate that fact. *Marin v. State,* 374 S.W.2d 227, 229 (Tex.Cr.App.1963); *Bolden v. State,* 489 S.W.2d 300, 302 n. 2 (Tex.Cr.App.1972). Additionally, absent "an objection or a showing that he had no opportunity to object, the matter is not properly before us for review." *Bolden, supra* at 302; *Jennings v. State,* 367 S.W.2d 670, 671 (Tex.Cr.App.1963); *Trotter v. State,* 296 S.W.2d 934, 934 (Tex.Cr.App.1957).

■ Thus, appellant cannot prevail. The silent record does not support his contention nor did he lodge the required objection although given the opportunity to do so. Ground of error one is overruled.

■ By his second ground, appellant contends his counsel's closing jury argument was unconstitutionally restricted. Prior to trial, appellant's counsel agreed to abide by a request in the State's motion in limine that he not refer to the punishments assessed in a group of drug cases tried earlier. Thereafter, early in his final argument, counsel said:

[MR. TERRILL, James' counsel]: I want to ask you what really is justice? I have a little definition and I think it's going to work in this case, justice, all it is is punishment that fits the crime, and equal punishment for everybody, white, black, Methodist, Baptist, equal punishment. That's justice, and that's all that Johnny James can ask for from you. And that's why we came to you.

Later, the following exchange occurred:

[MR. TERRILL]: Cocaine is against the law, and it should be. I think you know it's a very popular social drug, I guess you could say, for the wealthy. We read about it, hear about it. And it's true, it's very expensive, it's more expensive than gold. But I'll say this, it's equal punishment under the law. If doctors, lawyers, businessmen—

MS. WILEY [State's counsel]: Objection, Your Honor, there has been a Motion in Limine filed—

THE COURT: Sustain the objection.

MR. TERRILL: Hypothetically, I'm talking—

MS. WILEY: And I ask the jury to disregard—

MR. TERRILL: I'm not speaking of anything other than hypothetical equal justice under the law.

THE COURT: Disregard it, ladies and gentlemen.

MR. TERRILL: Ladies and gentlemen, this drug is a social drug. We can't hide that fact. I'm saying to you now, if someone else uses this drug they should be punished just as Johnny James. Because Johnny James is black, and in this courtroom today he should be punished equally under the law, just as I would be if I possessed it and sold it, and just as Mr. Gamble or anyone else, any of you on the jury. And I believe, I sincerely believe that that's why Mr. James should have probation in this case, to prove to you that he can be a good citizen.

Appellant argues that the sustaining of the foregoing objection prevented him from arguing for equal punishment under the law.

Initially, we observe that appellant's counsel made an equal justice argument both before and after the objection was sustained. Thus, we are unable to perceive any unconstitutional restriction of his closing argument. *See Herring v. New York,* 422 U.S. 853, 862, 95 S.Ct. 2550, 2555, 45 L.Ed.2d 593 (1975); *United States v. Bell,* 651 F.2d 1255, 1260 (5th Cir.1981); *United*

States v. Bernes, 602 F.2d 716, 722 (5th Cir.1979). In any event, the record does not tell us what counsel would have argued if the objection had not been sustained. Thus, he has not demonstrated harmful error. *Dean v. State,* 481 S.W.2d 903, 904 (Tex.Cr. App.1972). Ground of error two is overruled.

■ By his third ground, appellant contends he was entitled to a mistrial because the State improperly referred to an extraneous offense. When the State's counsel was cross-examining appellant, the following exchange occurred:

Q Okay. And you have admitted to this jury that you are guilty of cocaine?

A Yes.

Q Okay. Did you get into drug dealing to help your children?

Appellant's objection to the use of the term "drug dealing" was sustained and the jury was instructed to disregard the reference. However, his motion for mistrial was denied. He argues that the term was so inflammatory that its use could not be cured by instruction and he was denied a fair trial.

We find nothing improper about the question. Appellant plead guilty to delivery of a controlled substance. By doing so, he admitted that he was dealing in an illegal drug. Thus, the State was entitled to characterize his activity as "drug dealing." In comparable cases where there was evidence of a single sale, the Court of Criminal Appeals has permitted the State to refer to a defendant as a "pusher of heroin," *Lopez v. State,* 628 S.W.2d 82, 84 (Tex.Cr.App. 1982); a "drug dealer," *Rodriquez v. State,* 520 S.W.2d 778, 779–80 (Tex.Cr.App.1975); or a "heroin seller." *Rodriquez v. State,* 496 S.W.2d 46, 49 (Tex.Cr.App.1973). The same sort of characterization was permissible in this case and appellant was not entitled to a mistrial. Ground of error three is overruled.

The judgment is affirmed.