**Curley ARMSTEAD, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 1116–84.

Court of Criminal Appeals of Texas, En Banc.

June 19, 1985.

Bob Parks, Robert E. Hollmann, Monahans, for appellant.

Mike Wade, Dist. Atty., Monahans, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted of the offense of robbery, and punishment, enhanced with one prior conviction, was assessed at fifty years imprisonment. The conviction was affirmed by the El Paso Court of Appeals. *Armstead v. State,* 677 S.W.2d 266 (Tex. App.—El Paso, 1984).

In that opinion, the court stated:

"First, we note our agreement with the holding in *Jones v. State,* 644 S.W.2d 546 (Tex.App.—Dallas 1982), PDRR, 646 S.W.2d 449 (1983). We conclude that the trial court had a right under Tex.Code Crim.Pro. art. 40.09(7) to hold a hearing to make the record speak the truth, and Tex.Code Crim.Pro. art. 44.11 does not prohibit the exercise of that right. We note that the Texas Court of Criminal Appeals has both approved and disap-

proved the trial court's approval of a supplemental transcript prepared to have the record speak the truth after the trial court has lost jurisdiction of the case. *Davis v. State,* 499 S.W.2d 303 (Tex. Crim.App.1973) and *Lynch v. State,* 502 S.W.2d 740 (Tex.Crim.App.1973). Also see: *Schroeder v. State,* 543 S.W.2d 382 (Tex.Crim.App.1976); *Guzman v. State,* 521 S.W.2d 267 (Tex.Crim.App.1975)."

In *Jones v. State,* 646 S.W.2d 449 (Tex. Cr.App.1983), this Court disavowed a portion of the reasoning in *Jones v. State,* 644 S.W.2d 546 (Tex.App.—Dallas, 1982). See also, *James v. State,* 660 S.W.2d 146 (Tex. App.—Amarillo, 1983). In *Duncan v. Evans,* 653 S.W.2d 38 (Tex.Cr.App.1983), this Court wrote:

"Because of the jurisdictional hurdle imposed by Article 44.11, V.A.C.C.P., when the appellate record is filed in the Court of Appeals, the trial court is without authority to act further except as to bond pursuant to Article 44.04, V.A.C.C.P."

In the opinion by the court below, the actions of the trial court were ratified by the Court of Appeals:

"Since we conclude that we could still order such a hearing even now upon our own motion, we accept the supplemental record as prepared rather than indulging and have that record filed with us. If we could not now by our own order cure what may have been an original error by the trial court conducting such hearing without a proper order from this Court, then a different question would be presented."

Based upon this language, the result reached by the court is correct. Accordingly, the appellant's petition for discretionary review is refused.