**Opinion filed December 30, 2016**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-14-00350-CR & 11-14-00353-CR

_____

## STEVEN ALFONZO DELEON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**
**Taylor County, Texas**
**Trial Court Cause Nos. 19080B & 18365B**

## M E M O R A N D U M   O P I N I O N

Steven Alfonzo Deleon appeals the trial court's imposition of consecutive sentences in two convictions: one conviction for aggravated robbery and a second conviction for evading arrest in a motor vehicle. Appellant and the State reached a plea agreement that the trial court accepted in open court. That agreement provided that Appellant would serve concurrent sentences for his two convictions. Appellant claims that the trial court abused its discretion when it entered an order that

cumulated the sentences and that Appellant had a right to enforce the plea agreement that the trial court accepted. The State claims that Appellant's appeals are moot because the trial court corrected the sentencing error with judgments nunc pro tunc. We modify and affirm the judgment for aggravated robbery, and we affirm the judgment for evading arrest.

## I. *Background Information*

The grand jury indicted Appellant for aggravated robbery in Cause No. 19080B and alleged that, while in the course of committing theft, Appellant exhibited a deadly weapon and intentionally and knowingly placed Aaron Cowart in fear of imminent bodily injury and death. In Cause No. 18365B, Appellant had previously pleaded guilty to evading arrest in a motor vehicle, and the trial court had convicted Appellant and had placed him on community supervision for seven years. The State filed a motion to revoke Appellant's community supervision.

Appellant, as part of a plea agreement,[1] pleaded guilty to aggravated robbery in Cause No. 19080B. The trial court assessed Appellant's punishment at confinement for fifty years and sentenced him. Appellant also pleaded "true" to the allegations in the State's motion to revoke in Cause No. 18365B. The trial court then revoked Appellant's community supervision and sentenced him to confinement for seven years for that offense. The trial court made a deadly weapon finding in Cause No. 19080B, then ordered that the sentence in that case be served consecutively to the sentence in Cause No. 18365B. In each cause, the trial court later entered a judgment nunc pro tunc in which it ordered that the sentences run concurrently.

---

[1]As part of the plea agreement, the State agreed to drop three other charged offenses, a second-degree felony for robbery, a state jail felony for debit card abuse, and a charge for harassment of a public servant.

## II. *Analysis*

Appellant argues that his plea was rendered involuntary because the trial court did not adhere to the plea agreement that provided for concurrent sentences, and although he did not ask to withdraw his guilty plea, he claims that the trial court did not give him an opportunity to do so. The State argues that the appeals are moot because the trial court entered judgments nunc pro tunc to change the sentences from cumulative to concurrent. We disagree that Appellant's appeals are moot. At the time that the trial court entered the judgment nunc pro tunc in each cause, Appellant had already filed these appeals, and the appellate records had also been filed in this court. Consequently, the trial court had no jurisdiction to enter the nunc pro tunc judgments, and the judgments nunc pro tunc are null and void. *See* TEX. R. APP. P. 23.1, 25.2(g); *Williams v. State*, No. 03-11-00598-CR, 2013 WL 6921489, at *3 (Tex. App.—Austin Dec. 31, 2013, pet. ref'd) (mem. op., not designated for publication); *see also Perkins v. State*, 505 S.W.2d 563, 564 (Tex. Crim. App. 1974). Because the judgments nunc pro tunc are void, these appeals are not moot, and this court can modify the judgments to follow the plea agreement accepted by the trial court.

A plea bargain is a contractual arrangement consisting of three parts: a plea of guilty, the consideration for it, and the approval by the court of the agreement. *Ortiz v. State*, 885 S.W.2d 271, 273 (Tex. App.—Corpus Christi 1994), *aff'd*, 933 S.W.2d 102 (Tex. Crim. App. 1996). We note that, "[b]ecause plea bargains are contractual agreements between the state and defendant, we apply general contract-law principles." *Ex parte Cox*, 482 S.W.3d 112, 116 (Tex. Crim. App. 2016) (citing *State v. Moore*, 240 S.W.3d 248, 251 (Tex. Crim. App. 2007)). "The terms of plea agreements, being contractual in nature, are left to the parties to determine and agree upon, and this Court will rarely disturb the terms of such agreements." *Id.* (citing *Ex parte Williams*, 758 S.W.2d 785, 786 (Tex. Crim. App. 1988)). We note that the

"contract" does not become operative until the trial court announces it will be bound by the plea bargain agreement. *Ex parte Williams*, 637 S.W.2d 943, 947 (Tex. Crim. App. 1982). Once the court makes such an announcement, the State is bound to carry out its side of the bargain. *Id.*

Once a judge has accepted a plea bargain in open court, a defendant has a right to enforce the State's part of the plea bargain if it is enforceable. *Ex parte Cox*, 482 S.W.3d at 116 (citing *Bitterman v. State*, 180 S.W.3d 139, 141 (Tex. Crim. App. 2005)); *Wright v. State*, 158 S.W.3d 590, 594 (Tex. App.—San Antonio 2005, pet. ref'd); *see Perkins v. Court of Appeals for Third Supreme Judicial Dist. of Tex., at Austin*, 738 S.W.2d 276, 283 (Tex. Crim. App. 1987) (holding that once defendant enters a plea of guilty in accordance with a plea bargain agreement with the prosecutor, and the plea is accepted and the agreement is approved by the trial judge, the defendant is entitled to specific enforcement if the agreement can be enforced or, if not enforceable, is entitled to withdraw his plea); *In re Gooch*, 153 S.W.3d 690, 694 (Tex. App.—Tyler 2005, orig. proceeding).

We hold that specific performance, rather than withdrawal of the plea, is the appropriate remedy in Appellant's situation. *See Perkins*, 738 S.W.2d at 283–84. In this case, the trial court could not have corrected the judgments by judgment nunc pro tunc because the appellate records had already been filed. See Tex. R. App. P. 23.1, 25.2(g); *Perkins*, 505 S.W.2d at 564. Nonetheless, this court can modify the trial court's judgment. Tex. R. App. P. 43.2; *Woods v. State*, 398 S.W.3d 396, 405-06 (Tex. App.—Texarkana 2013, pet. ref'd). This court can modify the judgment to make the record "speak the truth" when the "matter has been called to [our] attention from any source." *French v. State,* 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *see* Tex. R. App. P. 43.2(b). An appellate court may correct the judgment on appeal when it has the necessary data and evidence before it for doing so. *See Banks v. State,* 708 S.W.2d 460, 462 (Tex. Crim. App. 1986). An appellate court may reform

a judgment that has errors in sentencing if the trial court improperly stacked the sentences. *Morris v. State*, 301 S.W.3d 281, 295 (Tex. Crim. App. 2009). In open court, the trial court accepted the plea agreement of the State and Appellant, and that agreement included specific concurrent sentencing. Because the judgments nunc pro tunc are void, and because the trial court abused its discretion when it ordered consecutive sentencing after it had accepted the agreement to concurrent sentences, we sustain in part Appellant's sole issue on appeal and modify the judgment in Cause No. 19080B.

### III. *This Court's Ruling*

We modify the judgment of the trial court in Cause No. 19080B to delete the cumulation order and to reflect that the sentence in Cause No. 19080B shall run concurrently with the sentence in Cause No. 18365B, as agreed to in the State's and Appellant's plea bargain agreement that the trial court accepted in open court. As modified, we affirm the judgment of the trial court in Cause No. 19080B. The trial court's judgment in Cause No. 18365B contains no cumulation order, and we affirm the judgment in that cause.

MIKE WILLSON

JUSTICE

December 30, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

5