L. H. TUCKER AND JACK TUCKER V. JACK BOYD

No. A-5811. Decided July 18, 1956.
Rehearing Overruled October 10, 1956.
Second Motion for Rehearing Overruled November 14, 1956.
(293 S.W. 2d Series 841)

*Will D. Pace,* of Tyler, for petitioners.

The Court of Civil Appeals erred in holding that the trial court should not have rendered a summary judgment for defendants, and in reversing the judgment and remanded the case for a trial on its merits. Renfrow v. Lineberry, 271 S.W. 2d 177; White v. State, 122 S.W. 2d 714; Waybourn v. Spurlock, 281 S.W. 587.

*Kenneth R. King,* of Tyler, for respondent.

Cited: Leyendecker v. Stranger, 204 S.W. 2d 845; Pyramid Drilling Co. v. Howell, 173 S.W. 2d 250; Corona Petroleum Company v. Jameson, 146 S.W. 2d 512.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

This is a suit by respondent, Jack Boyd, against petitioners, L. H. Tucker and Jack Tucker, for damages for the breach of an alleged oral contract claimed to be collateral to a written contract of sale and to a deed executed and delivered shortly after the date of the contract by petitioners to respondent conveying a house and lot located in Tyler, Texas. It was alleged that prior to the signing of the contract of sale and prior to the delivery of the deed petitioners orally promised that in consideration of the contract and delivery and acceptance of the deed that they would lower the driveway, fill the front yard with topsoil, make alterations in natural gas inlet pipes, install another ventilator, and raise a water spigot above ground level. Respondent alleged his performance of the contract and its breach by the petitioners to his damage in the sum of $1,000.00 besides a $95.00 reasonable cash rental of the house. He also prayed for $500.00 for reasonable attorney's fees. After their plea in abatement was overruled, petitioners filed a verified motion for summary judgment and, based upon that motion, summary judgment was rendered by the trial court that respondent take nothing, which judgment has been reversed by the Court of Civil Appeals and the cause remanded for trial on its merits. 288 S.W. 2d 202.

The motion for summary judgment recited that petitioners sold to respondent a certain house and lot in Tyler, which sale was consummated by the execution and delivery of a general warranty deed recorded in a certain volume and page of the deed records of Smith County, to which reference was made for all purposes. The motion recited: "Such deed was and is a complete written and integrated instrument containing the only rights and duties of the parties thereto and herein agreed upon; and same cannot be varied by the terms of any alleged oral or written agreement made at the time of its execution and delivery or prior thereto, as such would be a violation of the 'Parol Evidence Rule' (a substantive principle of law, and not merely a rule of evidence).

"II.

"In order to take a written instrument out of the operation of the parol evidence rule and admit evidence of other agreements not set forth in such written instrument, the following conditions must be present with respect to the additional alleged oral or written agreement sought to be proven: 1. The additional agreement must be collateral to the instrument sought to be changed; 2. The additional agreement must not contradict

the express or implied terms of the writing sought to be changed; and 3. The additional agreement must be one that the parties would not ordinarily be expected to embody in the writing sought to be changed."

Further allegations of the motion were to the effect that respondent alleged in his pleadings that the oral contract was made on the date of the written sales contract and alleged that it was an oral collateral agreement to the contract of sale and it was not alleged that it was collateral to the deed executed a month later. That matter was cured by an amended pleading alleging that the oral contract was reaffirmed at the time of the delivery of the deed.

In response to the motion respondent filed an affidavit by Gerald Boyd stating that he was the real estate agent for the petitioners for the sale of the house and lot in question; that he was fully aware of the contract of sale between petitioners and respondent made on the 15th day of September, 1954, and of the warranty deed dated the 14th day of October, 1954; that he knew of the oral agreement made between the parties at the time the contract of sale was made and reaffirmed at the time the deed was executed and delivered.

■ The allegations of respondent's petition are that the oral contract was collateral to the written contract of sale and also to the deed executed pursuant thereto. The basis of the summary judgment is that the oral agreement was not collateral to the contract and deed. In order for this court to reverse the judgment of the Court of Civil Appeals and affirm that of the trial court awarding summary judgment, we must hold as a matter of law that the oral contract was not collateral to the written contract and deed. Under the state of the record we cannot so hold. Neither the written contract nor the deed was introduced in evidence. The motion refers for all purposes to the volume and page of the deed records of Smith County where the deed is recorded. That reference would be a sufficient description in a deed, but the court cannot know the contents of the deed or of the contract unless it is afforded an opportunity to inspect them. Without knowledge of their contents we cannot hold that the oral contract varies, adds to, detracts from or contradicts them, or that it is not collateral to them.

After a careful study of the question we cannot take issue with the author of an annotation in 70 American Law Reports, pages 752-771, wherein he states in his opening sentence: "There

are few subjects in the law seemingly as indefinite and uncertain of application as the so-called rule of integration, or merger of the prior or contemporaneous negotiations in the writing."

In 68 American Law Reports, pages 245-254, there is an annotation of the precise question in this case. The title of the annotation is "Parol-evidence rule as applicable to agreement for improvements or alterations by vendor of real property." Most of the cases cited by the author have been read and considered, with the result that in our view they justify the statement by the annotator in 70 American Law Reports above quoted. The subject is not made more certain and definite by the text writers. See Wigmore on Evidence, Third Edition, Vol. 9, Sec. 2429 et seq.; Restatement of the Law of Contracts, Sec. 237 et seq.; McCormick and Ray, Texas Law of Evidence, Sec. 735 et seq.; McCormick on Evidence, Chapter 24; Williston on Contracts, Revised Edition, Vol. 3, Sec. 631 et seq.

The question does not lend itself to a solution in the abstract. It can only be decided after a careful study of the written instruments involved. For this court to write on the tests for the application of the rule would be to write upon a hypothetical case. We, therefore, do not declare whether we would follow a liberal or a strict application of the rule. That should be done only after the written instruments are studied.

The judgment of the Court of Civil Appeals is affirmed.

Associate Justice McCall not sitting.

Opinion delivered July 18, 1956.

ON REHEARING

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

■ In connection with their motion for rehearing the petitioners have tendered for filing a certificate by the District Judge before whom the case was tried, certifying that both the written contract of sale and the warranty deed mentioned in our original opinion were introduced and admitted in evidence upon the trial of the case, and that each of those instruments was duly examined and considered by him. Attached to the certificate are photostatic copies of the contract and the deed. There is also attached a stipulation by the parties that the photostatic

copies are true copies of the instruments which were, in fact, introduced in evidence. Under the provisions of Rules 428 and 491, Texas Rules of Civil Procedure, leave is granted petitioners to file the certificate with its exhibits.

■ A consideration of the contract and deed has led us to the conclusion that it cannot be said, as a matter of law, that the oral contract declared upon by respondent was not collateral to the written contract and deed. In the written contract, following a typed recital of the consideration, there is inserted in writing this provision: "House to be completed as agreed and curb and gutter on Lake St." That insertion is initialed "L.H.T.," doubtless the initials of L. H. Tucker, one of the petitioners. At the time the contract was made, the house was being erected upon the premises. That insertion discloses in writing that there was a collateral oral agrement, and we cannot say, as a matter of law, that obligations alleged are not within the purview of the agreement to complete the house. That insertion was not made in the deed, but it is one which ordinarily would not be placed in a deed. It appeared in the only written instrument in which a provision of that nature would be expected to appear. Considering the two instruments together, it is our view that the case is not one in which a summary judgment should have been rendered.

The motion for rehearing is overruled.

Opinion delivered October 10, 1956.

Second motion for rehearing overruled November 14, 1956.