**John M. BROCK, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42329.**

Court of Criminal Appeals of Texas.

Dec. 10, 1969.

Rehearing Denied Feb. 18, 1970.

William M. LauBach, Houston, for appellant.

Frank C. Dickey, Jr., San Angelo, and Jim Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for robbery by assault; the punishment, six years.

Appellant, represented by retained counsel, filed an application to waive a jury and entered a plea of guilty before the court. After the amended motion for new trial was overruled, sentence was pronounced and notice of appeal was given on November 8, 1968.

The certificate of the district clerk shows that notice of completion of the record was given February 5, 1969.

**472**

In the first ground of error contention is made that appellant was denied a transcript of the evidence.

There is no showing or contention that counsel requested that the transcription of the court reporter's notes be made a part of the record. Appellant retained different counsel for the appeal. When appellate counsel asked for an extension of time to file the brief in the trial court, he did not ask for a transcription of the court reporter's notes to be included in the record. There was no objection to, or request that the court correct, the record.[1] In the appellate brief there is no showing or contention that the record, as filed, is incorrect.

Absent a showing of a request to have a transcription of the court reporter's notes included in the record the ground of error presents nothing for review.

The first ground of error is overruled.

In the second ground of error it is contended that appellant was denied effective assistance of counsel, because trial counsel gave wrong advice about appellate procedure.

A letter from trial counsel to appellant dated November 13, 1968 (attached to the brief) informed appellant that counsel could not handle the case on appeal, and that appellant had sixty days to obtain a record and advised appellant to see his lawyer, and to "see whether that meets the timetable as he understands it."[2]

The appellate brief does not point out how appellant was misinformed and does not show ineffective assistance of counsel of the trial attorney.

There being no reversible error shown, the judgment is affirmed.

---

1. The trial court had control of the record until it had been filed with the Clerk of the Court of Criminal Appeals. See Tucker v. State, Tex.Cr.App., 416 S.W.2d 437; Brill v. State, Tex.Cr.App., 408 S.W.2d 232; Rangel v. State, Tex.Cr. App., 408 S.W.2d 231.

2. Article 40.09, Section 2, Vernon's Ann. C.C.P., provides:
   "Each party may file with the clerk a written designation specifying matter for inclusion in the record. The failure of the clerk to include designated matter will not be ground for complaint on appeal if the designation specifying such matter be not filed with the clerk within sixty days after notice of appeal is given."
   See East v. State, Tex.Cr.App., 420 S.W.2d 414.