Victor Lynn FARRIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 1016–84.

Court of Criminal Appeals of Texas, En Banc.

June 11, 1986.

James Stafford, Ken J. McLean, on appeal only, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., James C. Brough and John Holleman, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant was convicted by a jury of aggravated rape. Punishment was assessed at confinement for life in the Texas Department of Corrections. The Court of Appeals, relying upon testimony provided in a supplement to the appellate record, reversed the conviction because the State failed to disclose promises made to an accomplice regarding leniency in exchange for testimony. *Farris v. State*, 676 S.W.2d 674 (Tex.App.—Houston [1st] 1984). We granted the State's petition for discretionary review on five grounds for review. However, we will dispose of the case on the two grounds which pertain to supplementation of the record. We will reverse and remand.

At appellant's trial, Timothy Huffman testified against appellant. Huffman was an accomplice; therefore, the appellant sought disclosure of any promises of leniency made to Huffman in exchange for his testimony. The following facts, explicated in the opinion below, were disclosed to the trial judge and the jury:

"Prior to Huffman's testimony, the assistant district attorney disclosed to the trial court, out of the presence of the jury, that the only agreement with the witness had been to drop the aggravated kidnapping and aggravated sexual abuse charges, to allow him to plead guilty to the aggravated rape charge, and to notify the judge who was hearing the case that Huffman had been cooperative and truthful in testifying against appellant. Huffman's attorney also testified before the judge, out of the jury's hearing, that the state had made no promises regarding recommendations for leniency. Huffman testified before the jury that he had received no promises of leniency." *Farris*, supra at 675.

Appellant was convicted and gave notice of appeal. On December 16, 1983, the record was filed in the Court of Appeals.

Several months after the record had been filed with the Court of Appeals, appellant discovered that, in a hearing on a motion for new trial in Huffman's case, testimony was presented which arguably showed that the State did not disclose to appellant certain promises of leniency made to Huffman in exchange for Huffman's testimony at appellant's trial. See *Huffman v. State*, 676 S.W.2d 677 (Tex.App.—Houston [1st] 1984), pet. ref'd. Appellant sought to include a supplemental record containing this new testimony from Huffman's case with

appellant's original record, which was already filed with the Court of Appeals.

On April 25, 1984, appellant filed a motion with the trial court seeking to supplement the record and mailed a copy of that motion to the State. The trial court granted the motion on the same day. On April 26, the State waived its right to notice of completion of the supplementation. On May 2, the trial court approved the supplemental record, having found that no objections had been filed within five days after notice of completion of the record. On May 9, the supplemental record was filed in the Court of Appeals.

The State presents two grounds for review regarding supplementation of the record. First, the State argues that the trial court lacked authority to supplement the record once the original record had been filed in the Court of Appeals. Second, the State argues that, even if the trial court properly had authority, a record may not be supplemented by testimony from a separate and different case.

1. **Did the trial court lack the authority to supplement the record after the original record had been filed with the Court of Appeals?**

■ A trial court's power to act in a given case ends when the appellate record is filed in the court of appeals, except for matters concerning bond. *Duncan v. Evans*, 653 S.W.2d 38 (Tex.Cr.App.1983); art. 44.11 V.A.C.C.P. Therefore, any attempt

by a trial court to supplement a record after the appellate record is filed in the court of appeals is invalid. *Guzman v. State*, 521 S.W.2d 267 (Tex.Cr.App.1975).[1] Such a supplementation is invalid because the trial court lacks the authority to act once the appellate record is filed in the court of appeals. *Duncan v. Evans*, supra; *Aquirre v. State*, 680 S.W.2d 567 (Tex.App.—Corpus Christi 1984). See also *Guzman*, supra.

■ In the instant case, the trial court's authority to act in appellant's cause concluded on December 16, 1983, when the record of appellant's trial was filed in the First Court of Appeals. The trial court had no authority to approve the supplemental record presented on April 25, 1984. The supplemental record, therefore, was not properly before the Court of Appeals.[2]

■ An appellate court may not rely upon an invalid supplement to a record in deciding a defendant's appeal; an appellate court is limited to those portions of the record which have been properly approved. *Lynch v. State*, 502 S.W.2d 740 (Tex.Cr.App.1973). See also *Evans v. State*, 622 S.W.2d 866 (Tex.Cr.App.1981); *Hale v. State*, 509 S.W.2d 637 (Tex.Cr.App.1974). Cf. *Davis*, supra; *Clewis v. State*, 415 S.W.2d 654 (Tex.Cr.App.1965). However, reliance upon an invalid record is harmless if the appellate court could have cured the error by correctly supplementing the

---

1. This Court acknowledged in *Guzman*, supra, that we had used an invalid supplemental record, which was untimely filed, in deciding *Davis v. State*, 499 S.W.2d 303 (Tex.Cr.App. 1973). We indicated that the use of such invalid records strains the natural construction of the appellate rules which allow a supplemental record to make the record "speak the truth."

2. This does not mean that a trial court will never have the authority to supplement a record once the original record has been filed with the appellate court. Art. 40.09, sec. 7, V.A.C.C.P., allows a defendant or the State to request that the trial court supplement the appellate record, or the trial court to supplement the record on its own motion. It also allows this Court or the court of appeals to order the trial court to supplement the record. However, *once the orig-*

*inal record has been filed with the appellate court, the trial court can only reacquire authority to supplement a record if the appellate court abates the appeal.* See *Duncan*, supra. By abating the appeal, the appellate court returns authority to the trial court. "After receipt of the appellate court's mandate of abatement, the trial court still has control over the case until the supplemental record again reaches the appellate court." *Duncan*, supra, quoting 26 Tex.Jur.3d, *Criminal Law*, Section 4195, p. 533.

In the instant case, appellant could have asked the First Court of Appeals to abate his appeal so that the trial court could supplement the record. The Court of Appeals also might have abated the appeal on its own motion and ordered the trial court to supplement the record. However, neither action was taken.

record on its own motion. *Armstead v. State,* 692 S.W.2d 99 (Tex.Cr.App.1985).

In *Armstead,* supra, a court of appeals relied upon an invalid supplement to the record. We found no reversible error and refused the defendant's petition for discretionary review in light of the distinction made by the court of appeals:

"Since we conclude that we could still order such a hearing even now upon our own motion, we accept the supplemental record as prepared rather than indulging in a wasteful use of judicial time by ordering the trial court to conduct another hearing, at which the same exhibits and same testimony would be received, and have that record filed with us. If we could not now by our own order cure what may have been original error by the trial court conducting such hearing without proper order from this Court, then a different question would be presented." *Armstead,* supra at 100, quoting *Armstead v. State,* 677 S.W.2d 266, 269 (Tex. App.—El Paso 1984).

In the instant case, the Court of Appeals relied upon an invalid supplement to the record. If, upon remand, the Court of Appeals could cure this error by ordering the testimony from the hearing on Huffman's motion for new trial to be correctly included in an identical supplement, then the error would be harmless. Therefore, we must address the remaining ground of review in which the State argues that testimony from a separate cause can not be used to supplement a record.

**2. Can testimony from a separate cause be used to supplement an appellate record?**

■ Article 40.09, sec. 7, supra, grants a trial court the limited discretion to supplement a record "to make the record speak the truth, for any reason...." See *Guzman,* supra. The "record" refers to all matters developed at the trial which have been designated by the parties for inclusion in the record,

"but shall always include, whether designated or not, copies of the material pleadings, material docket entries made by the

court, the court's charges, the jury's verdicts, the judgment or any order revoking probation, the motion or amended motion for new trial, the notice of appeal, any appeal bond, copies of all exhibits on file, other than physical exhibits or documents of unusually large bulk or weight, and all formal bills of exception. The matter so prepared shall be assembled and shall constitute the record on appeal." Art. 40.09, sec. 1, V.A.C.C.P.

■ New evidence, which has been developed subsequent to any proceedings surrounding a defendant's trial, does not constitute part of a defendant's "record" within the meaning of Article 40.09, sec. 7, supra. Therefore, a defendant can use documents or testimony from a separate case to supplement his appellate record *only if the documents or testimony in the separate case originally could have been included in the record on appeal. Bradley v. State,* 608 S.W.2d 652 (Tex.Cr.App.1980).

In *Bradley,* supra, a defendant's probation was revoked after the trial judge took judicial notice of the record of a prior trial involving the same defendant which was held before the same trial judge. We abated defendant's appeal to allow the record to be supplemented by a transcript of that prior trial. The defendant argued that use of the record of a prior trial constituted "new evidence" that had not been developed in the revocation hearing. We rejected the defendant's argument and held that the trial judge, by taking judicial notice of the prior trial, intended to include "all of the documents and papers and pleadings and participants and all that" from the prior trial in the record of the revocation hearing.

■ In the instant case, appellant requested the trial court to supplement the record with testimony that arose in a hearing on Huffman's motion for new trial. This testimony was not developed in proceedings surrounding *appellant's trial.* Nor did the trial court take judicial notice of the hearing on Huffman's motion for new trial during appellant's trial. (Indeed,

**516**

the trial court could not have taken judicial notice of that hearing because it had not yet taken place.) This is not the sort of supplementation that makes the *record of appellant's trial* "speak the truth." The evidence developed as a result of Huffman's motion for new trial was new evidence which did not arise during any proceeding surrounding appellant's trial and should not be used to supplement the appellate record in the instant case.[3] Therefore, we find that the Court of Appeals could not have ordered the trial court to supplement the record with the testimony developed at Huffman's motion for new trial. Under these circumstances, the Court of Appeals' reliance upon the invalid supplemental record can not be considered harmless.[4]

We reverse the judgment of the Court of Appeals and remand this cause to that Court for consideration of appellant's remaining grounds of error.

TEAGUE, J. dissents.

CLINTON, Judge, concurring.

The first question posed by the Court need not be answered since the second disposes of the cause. See *Lewis v. State,* 711 S.W.2d 41 (Tex.Cr.App.1986). But since it is, I find a different answer.

Without any doubt *Duncan v. Evans,* 653 S.W.2d 38 (Tex.Cr.App.1983), says exactly what the majority opinion paraphras-es. However, nearly every statement of law of any significance in an appellate opinion must be considered in context of the issue was being decided and that which is not implicated. In *Duncan v. Evans,* supra, this Court framed an issue it felt called on to address, *viz:*

> "What authority is available to the courts of appeals to enforce the responsibility of appointed appellate counsel for an indigent appellant to insure the filing of an appellate brief."

*Id.,* at 39. Patently, nothing said in *Duncan* touches Article 40.09, § 7 or meaning and application of the 1979 and 1981 amendments to it. See *post.* Indeed, every case cited in headnote [3] at page 40 was decided before those amendments were made—so also the decisions of this Court cited by the majority in this cause.

Facially, Article 40.09, § 7, V.A.C.C.P., expressly grants the trial court jurisdiction power and authority to supplement the record even after an initial appellate record has been filed in an appellate court. At issue is whether grant of authority by specific language of Article 40.09, § 7 is nullified by general language of Article 44.11, given the fact that no time limitation is included in Article 40.09, § 7 which purports to restrict supplementation to a period prior to filing any part of a record in an appellate court. A review of germane legislative developments and judicial reaction

---

**3.** Normally, this sort of newly *available* evidence is presented to an appellate court in one of two ways. First, the evidence may have developed during a hearing on defendant's motion for new trial. The evidence would then be considered part of the record because it evolved from a defendant's trial. Second, the evidence may have become available in a post conviction writ of habeas corpus situation. The evidence then would be developed in a hearing on a writ of habeas corpus. Cf. *Ex parte Binder,* 660 S.W.2d 103 (Tex.Cr.App.1983) (use of writ of habeas corpus inappropriate remedy for newly *discovered* evidence). Both of these proceedings allow the trial court an opportunity to either order a new trial or recommend that this Court order a new trial. The trial court does not have an opportunity to make such an order or recommendation when supplementing the record.

In the instant case, appellant did not learn of the new evidence until after the time for a motion for new trial had expired. Appellant, however, still has a remedy through a post-conviction writ of habeas corpus. Although some time delay may result therefrom, our rules do not allow insertion of such new evidence into the appellate review process. These rules are necessary to prevent unnecessary delay. See the new Texas Rules of Appellate Procedure, Rule 55(b), promulgated April 10, 1986, effective September 1, 1986.

**4.** Even if supplementation had been possible in this case, we are not convinced that the new hearing would result in presentation of the same testimony without objection and the development of the same record. The supplemental record in the instant case does not involve the simple unchallenged introduction of court documents, as was present in *Armstead,* supra.

to illuminate reasons then given lead me to sustain the view of the court of appeals concerning authority of trial court in this respect.

As enacted in 1965 and extant in 1979, Article 44.11, V.A.C.C.P., read in pertinent part:

> "Upon the appellate record being filed in the Court of Criminal Appeals, all further proceedings in the trial court, except as to bond as provided in Article 44.04 *and the proceedings in Article 40.09,* shall be suspended and arrested until the judgment of the Court of Criminal Appeals is received by the trial court. * * " [1]

During that period of some fourteen years, in its relation to Article 40.09 proceedings, the underscored exception in Article 44.11 proved to be an enigma. Taken literally it meant that though an appellate record has been filed in the Court a trial court may continue to exercise authority and powers to conduct proceedings under several sections of Article 40.09. Yet, according to §§ 12 and 13 of Article 40.09, the clerk of the trial court was not to transmit to this Court the record and appellate briefs filed in the trial court until the trial judge had considered and refused to grant defendant a new trial based on appel-

late briefs. As demonstrated in the margin, the Court never took literally the Article 44.11 exception for proceedings under Article 40.09.[2]

In sum, the Court deemed proper filing an appellate record to be the event that terminated power and authority in the trial court to conduct further proceedings under Article 40.09. *Phillips v. State,* 429 S.W.2d 897, 899 (Tex.Cr.App.1968). Its rulings in that respect are consistent with former article 828, admitting no exceptions to effect of appeal suspending authority of trial court, e.g., *Murray v. State,* 116 Tex. Cr.R. 178, 31 S.W.2d 1075, 1076 (1930), and with the general rule in our criminal jurisprudence. See *Carrillo v. State,* 480 S.W.2d 612, 616 (Tex.1972).

In one particular, however, the Court encountered some difficulty. A "proceeding" contemplated by Article 40.09 was and is "Approval of the record" prescribed by § 7. As recently noticed, the Court gave uneven treatment to propriety of its accepting "a supplemental transcript prepared to have the record speak the truth after the trial court has lost jurisdiction of the case." *Armstead v. State,* 677 S.W.2d 266 (Tex. App.—El Paso 1984). Note that every decision cited therein to demonstrate the point had been delivered before 1979.[3] We may

---

**1.** All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

**2.** The following decisions are illustrative of failure of the Court to give the exception its literal application: trial court "had control of the record *until it had been filed with [the Court]*," *Brock v. State,* 449 S.W.2d 471, 472, n. 1 (Tex.Cr. App.1969), and *before* appellate record had been approved in the trial court or filed here or if transmitted *prematurely* and returned to trial court, trial judge had authority to grant a motion to dismiss appeal, e.g., *Tucker v. State,* 416 S.W.2d 437 (Tex.Cr.App.1967); *Brill v. State,* 408 S.W.2d 232 (Tex.Cr.App.1966); *Rangel v. State,* 408 S.W.2d 231 (Tex.Cr.App.1966), to enter a nunc pro tunc order correcting judgment and sentence to truly reflect the offense for which defendant was convicted, *Perkins v. State,* 505 S.W.2d 563, 564 (Tex.Cr.App.1974); *Resnick v. State,* 574 S.W.2d 558, 560 (Tex.Cr.App.1978), but order granting new trial rendered by trial court pursuant to Article 40.09 after the record was filed in this Court was void because the

trial court then "had no jurisdiction to grant a new trial," *Page v. State,* 532 S.W.2d 341, 342, n. 1 (Tex.Cr.App.1976).

**3.** The cases cited are *Davis v. State,* 499 S.W.2d 303 (Tex.Cr.App.1973); *Lynch v. State,* 502 S.W.2d 740 (Tex.Cr.App.1973); *Schroeder v. State,* 543 S.W.2d 382 (Tex.Cr.App.1976); *Guzman v. State,* 521 S.W.2d 267 (Tex.Cr.App.1975).

*Davis* came to be regarded as an aberration that "strain[ed] the construction of our statutes," *Guzman,* supra, at 272. *Lynch* made what seems now to be a dubious distinction between "supplemental material represent[ing] a finding, conclusion or order by the trial judge himself" in exercise of some necessary power, and material sought to be added to the record by a party who failed timely to utilize provisions of § 7 in the trial court, *Lynch,* supra, at 741–742. At page 384, *Shroeder* purports to be required by *Guzman,* but the latter made clear that its situation "is clearly distinguishable from those cases involving an attempt to file a supplemental transcript once the trial court has lost jurisdiction and the appeal is pending before this Court,"

reasonably infer that some of those opinions caught a legislative eye.

By Acts 1979, 66th Leg., Ch. 324, p. 731, § 1, the Legislature amended § 7, Article 40.09, supra. The caption to S.B. No. 439 stated in part, *viz:*

> "An Act relating to the procedure to be followed by the trial court whenever the record is supplemented or modified in any respect in order that it may speak the truth ..."

The content of the bill was confined to that single matter. Changes actually made are twofold: first, between the second and third sentences of former Article 40.09, there was inserted a new sentence (underscored below) and, second, the word "such" (bracketed herein) was deleted from the first clause of the next sentence, so that in pertinent part revised § 7 read:

> "Notice of completion of the record shall be made by the clerk of the court by certified mail to the parties or their respective counsel. If neither files and presents to the court in writing any objection to the record, within fifteen days after the mailing of such notice and if the court has no objection to the record, he shall approve the same. *If the trial court deems that a supplemental record or any other modification of the record be necessary to make the record speak the truth, for any reason, with or without objections from the state or the defendant, and whether on the court's own motion or the motion of either party or by order of the Court of Criminal Appeals, the defendant and the state shall be notified by certified mail of same and given five days from receipt of notice for objections to such modification or supplementation.* If [such] objection be made, or if the court fails to approve the record within five days after the expiration of such fifteen-day period, the court shall set the matter down for hearing, and, after hearing, shall enter such orders as may be appropriate to cause the record to speak the truth and the findings and adjudications in such orders, if supported by evidence, shall be final.... Such proceeding shall be included in the record, and the entire record approved by the court."

Finally, by Acts 1981, 67th Leg., Ch. 291, p. 804, § 108, in § 7 "the court of appeals or" was inserted just before "the Court of Criminal Appeals." In the same Act, § 129 amended Article 44.11, supra, to include "the court of appeals," to delete "and the proceedings in Article 44.09" and changed "judgment of the Court of Criminal Appeals" to read "mandate of the appellate court."

Therefore, when the 1981 Act became effective, § 7 of Article 40.09 still retained provisions for "the procedure to be followed by the trial court whenever the record is supplemented or modified in any respect in order that it may speak the truth," and Article 44.11 no longer prescribed an exception for "proceedings in Article 40.09."

The problem thus presented is whether those two seemingly inconsistent developments in the same legislative act may be harmonized so that effect is given to each. See Code Construction Act, Article 5429b–2, § 3.05(b), V.A.C.S. Among courts of appeals there are divergent views and this Court has yet directly to resolve the problem authoritatively.[4]

---

*Guzman, supra,* at 272. Accord: *Almand v. State,* 536 S.W.2d 377, 379 (Tex.Cr.App.1976).

Suffice to say that neither these cases nor other contemporaneous decisions produced any "brightline" rule. Adhering to the general rule, the Court tended to deny supplementation of appellate records except in a most compelling circumstance, such as presented in *Hammett v. State,* 578 S.W.2d 699, 706, 720 (Tex.Cr.App. 1979).

4. See, e.g., *Deaton v. State,* 642 S.W.2d 247, 249 (Tex.App.—Houston [14th] 1982), no PDR; *Jones v. State,* 644 S.W.2d 546, 548–549 (Tex. App.—Dallas 1982), PDR refused, 646 S.W.2d 449 (Tex.Cr.App.1983); *James v. State,* 660 S.W.2d 146, 147–148 (Tex.App.—Amarillo 1983) no PDR; *Cano v. State,* 663 S.W.2d 598, 601 (Tex.App.1983), no PDR; *Armstead v. State,* 677 S.W.2d 266, 268–269 (Tex.App.—El Paso 1984), PDR refused, 692 S.W.2d 99 (Tex.Cr.App. 1985). See generally *Duncan v. Evans,* 653 S.W.2d 38, 39 (Tex.Cr.App.1983): "Because of the jurisdic-

Though awkwardly framed and placed, there can be no doubt about the clear intendment of the Legislature in making those 1979 amendments to § 7: to grant trial courts jurisdiction, power and authority to supplement or modify appellate records "to make the record speak the truth" pursuant to the procedure therein prescribed.[5] The grant was reaffirmed in 1981 when § 7 was amended and, as amended, then reenacted. Merely that the exception provided in Article 44.11 for 40.-09 proceedings was deleted is not sufficient to overcome clear legislative intendment of § 7, particularly if coexistence of both in the same legislative act may reasonably be justified.

The injunction of Article 44.11 begins to operate when "the appellate record" is filed in an appellate court. The key is thus a correct understanding of meaning of the term "the appellate record." Article 44.11 does not provide a definition, but Article 40.09 does.

Under § 1 after the clerk of the trial court has made and prepared a true copy of the matter designated by the parties and, whether designated or not, the other matter prescribed therein and has assembled the matter so prepared, it constitutes "the record on appeal"—subject, however, to approval by the trial court pursuant to § 7.

After the clerk has completed the record and notified the parties, § 7 provides several separate and distinct procedures to gain approval by the trial court, including the one in question. If at the outset there is no objection, the trial court will approve the record assembled by the clerk; if there is timely objection or if the court fails timely to approve the record a hearing is required for the court to enter such orders needed "to cause the record to speak the truth." Also, without being restricted to a given time, "[i]f the trial court deems that a supplemental record or any other modification of the record be necessary to make the record speak the truth, for any reason," the parties are notified and given five days to make objections "to such modification or supplementation" and if there is objection then the matter will be heard and then the court shall enter orders "to cause the record to speak the truth."

In either event the proceeding shall be included in the record and "the *entire record* [shall be] approved by the court," § 7. Thus the "entire record" may consist of that which the clerk has assembled and without objection the trial court has timely approved, or it may consist of that *and in addition thereto but made separately and apart therefrom* any supplement or modification also approved by the trial court. Tex.Cr.App. Rule 102, and see Forms 1, 2, 3 and 4 in Appendix.

For purposes of Article 40.09, then, "the record on appeal" is "the entire record approved by the court." Importing that definition into Article 44.11 means that the trial court is not enjoined from conducting proceedings in accordance with § 7, and we should so hold.[6]

---

tional hurdle imposed by Article 44.11, V.A.C.C.P., when the appellate record is filed in the Court of Appeals, the trial court is without authority to act further except as to bond pursuant to Article 44.04, V.A.C.C.P." See also *Ex parte Drewery*, 677 S.W.2d 533, 535 (Tex.Cr.App.1984): "Finally, unchanged, except for deletion of Art. 40.09, supra, by the 1981 amendments, was Art. 44.11, supra, which provides for jurisdiction in the trial court until such time as the appellate record is filed with the Court of Appeals ..."

**5.** At the fifth annual Texas College of the Judiciary held in November 1979 new judges were instructed about the principal amendment, *viz:*

"By recent amendment, the trial court is empowered to supplement or modify the record on its own motion, on motion of either party, or by order of the Court of Criminal Appeals to make the record speak the truth. If such is done, the parties must be notified by certified mail and given five days from receipt of notice to object to the modification or supplementation. Notice of final approval of the record by the Court shall be made upon the parties by the clerk. Art. 40.09, Sec. 8 C.C.P."

Judge James Kyle Allen, "Selected Post-trial Proceedings," Bench Manual, Texas Center for the Judiciary (1979).

**6.** Any fear that such a holding will "permit a trial court to disrupt appellate consideration of a case by constantly supplementing the record until an opinion or mandate issued" should be allayed by experience on the civil side. For

As the majority sees the matter, because an appellate court has power and authority to order a trial court to supplement an appellate record, it may accept a supplemental record and thereby cure "error" by a trial court in making an "invalid supplement," rendering it "harmless." However, it does not identify or explain any "harm" in the first place. Since the whole idea is "to make the record speak the truth," how is it that a party may be harmed?

Nevertheless, I agree with the ultimate disposition and, therefore, join the judgment of the Court.

MILLER, J., joins.

---

years Rule 428, T.R.Civ.P., has under similarly prescribed circumstances authorized "the trial court, either before or after the record has been transmitted to the appellate court [to] direct a supplemental record to be certified and transmitted by the clerk of the trial court or the official court reporter supplying such omitted material." The purpose of the rule is "to make the record on appeal speak the truth," *Murray v. Murray*, 350 S.W.2d 593, 600 (Tex.Civ.App.—

Dallas 1961) no writ history, but see *Tucker v. Boyd*, 156 Tex. 262, 293 S.W.2d 841, 843 (1956).

Moreover, this Court obviously does not harbor any such concern. Rule 40(b)(2) coupled with Rule 55(b), Texas Rules of Appellate Procedure which we have just promulgated to govern criminal cases and criminal law matters, have the same effect as Rule 428, supra. Accordingly much of what we do in this cause today is practically an academic exercise.