**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 99-20341
_____


VICTOR LYNN FARRIS,

Petitioner-Appellant,


VERSUS


GARY L. JOHNSON, Director
Texas Department of Criminal Justice, Institutional Division,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Texas
(H-97-CV-1596)
_____

June 20, 2000

Before GARWOOD, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

Victor Lynn Farris, Texas prisoner # 363035, appeals the denial of his habeas corpus application brought pursuant to 28 U.S.C. § 2254 (1994). We affirm.

**FACTS AND PROCEDURAL HISTORY**

Farris was convicted by a jury of aggravated rape and was

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentenced to life imprisonment. *See Farris v. State*, 712 S.W.2d 512, 513 (Tex. Crim. App. 1986). Farris's accomplice, Timothy Huffman, testified against Farris at trial, describing in detail Farris's role in the crime and directly contradicting Farris's alibi testimony.

On direct appeal, a Texas intermediate appellate court reversed Farris's conviction and ordered a new trial based on Farris's due process claim that the State failed to disclose a plea agreement it had made with Huffman. The court's decision was based on new evidence consisting of testimony given by Huffman, his attorney and the assistant district attorney at a hearing on Huffman's successful motion to set aside his guilty plea. The court stated that the "record demonstrates either that the state specifically promised Huffman's attorney a recommendation of a 30-year sentence in exchange for Huffman's testimony against [Farris], or that the State promised at least to notify the court in Huffman's case of Huffman's cooperativeness in prosecuting [Farris] and to request leniency in that case." *Farris*, 676 S.W.2d at 675-77.

The Court of Criminal Appeals reversed that decision and remanded, holding that the Court of Appeals had no authority to supplement the record with testimony from the Huffman hearing. *See Farris*, 712 S.W.2d at 514-16. The court noted that Farris still had a remedy through a post-conviction writ of habeas corpus. *See*

*id.* at 516 n.3.  On remand for consideration of the remaining grounds of error, Farris's conviction was affirmed.

Farris then filed a state habeas corpus application, which was denied without a written order on the findings of the trial court after a hearing.  The trial court considered the same testimony from Huffman's motion for new trial that the intermediate appellate court had found compelling during Farris's direct appeal and concluded that no agreement or promise for a specific number of years existed, that the jury was apprised of the only agreement between the State and Huffman, and that notwithstanding Huffman's testimony, there was sufficient evidence of Farris's guilt.[2]

Farris then filed this 28 U.S.C. § 2254 application.  The district court denied habeas relief and denied Farris a certificate of appealability ("COA").  This court granted COA on Farris's claims that the State failed to disclose evidence of a plea agreement for leniency with Huffman and presented false evidence about the nature of its agreement with Huffman to the jury.

**DISCUSSION**

**A. Standard of review**

---

[2]Farris argues that the findings of the trial court at his state habeas evidentiary hearing are in conflict with a Texas intermediate appellate court decision in *Huffman v. State*, 676 S.W.2d 677 (Tex. App.-Houston [1st Dist] 1984), and the state is collaterally estopped from continuing to litigate the issue. Collateral estoppel does not apply against the prosecution in a criminal case on the basis of an earlier determination in the criminal case of a different defendant. *See Nichols v. Scott*, 69 F.3d 1255, 1270 (5th Cir. 1987).

3

The determination of factual issues made by the state court shall be presumed to be correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

**B. *Giglio* Claim**

The State has a duty to disclose evidence favorable to the accused that is material to guilt or punishment. *See Brady v. Maryland*, 373 U.S. 83, 86-87 (1963). If the reliability of a witness may be determinative of guilt or innocence, nondisclosure of evidence affecting credibility falls within the general rule of *Brady. See Giglio v. United States*, 405 U.S. 150, 154-55 (1972). A promise of leniency made to a key witness in return for his testimony is impeachment evidence to which a defendant is entitled. *See id.* Likewise, a due process violation occurs if the State knowingly fails to correct false testimony which reasonably could have affected the judgment of the jury. *See Blackmon v. Johnson*, 145 F.3d 205, 208 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 1258 (1999).

There is no dispute that the State made an agreement with Huffman that may have affected the jury's view of his credibility and that the jury was apprised of the existence of an agreement. Farris's position is that the State did not disclose the entirety of the agreement to Farris and allowed Huffman's testimony that did not accurately describe the agreement to stand uncorrected in front

of the jury. We begin by presuming the correctness of the state court's determination that the jury was apprised of the only agreement between the State and Huffman. The question then becomes whether Farris has rebutted that presumption by clear and convincing evidence.

Huffman, in response to questions posed by the State and Farris's trial counsel, told the jury that, in exchange for his testimony, he had been offered the opportunity to plead guilty to the aggravated rape charge, that the State would drop the other two charges and that the State would tell the sentencing Judge that Huffman had cooperated but would not recommend a certain number of years. Farris has presented evidence, in the form of testimony by Huffman, Huffman's trial counsel and the assistant district attorney that the agreement was for the State to "recommend leniency" in sentencing Huffman in return for Huffman pleading guilty and testifying against Farris, but that the agreement did not specify a certain number of years. While the articulation of the agreement in front of the jury did not include the words "recommend leniency," Huffman's evidence does not clearly and convincingly rebut the state court's conclusion that the jury was apprised of the agreement. Certainly, the jury understood that the reason the State agreed to advise Huffman's sentencing judge of his cooperation with the State during Farris's trial was to induce leniency in sentencing. Farris has not presented any evidence that his jury was deprived of information material to its

5

assessment of Huffman's credibility.

## CONCLUSION

Based on the conclusion that Farris has not rebutted the state court's determination of facts, we find no due process violation meriting habeas corpus relief and therefore affirm the district court's dismissal of Farris's claims.

AFFIRMED.