

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. AP-76,215

**EX PARTE RUSSELL KEVIN THOMPSON, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 03CR0733 IN THE 122ND DISTRICT COURT
### FROM GALVESTON COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault of a child and sentenced to eighteen years' imprisonment. The Fourteenth Court of Appeals affirmed his conviction. *Thompson v. State*, No. 14-05-01137-CR (Tex. App.–Houston [14th Dist.] May 8, 2007, pet ref'd, untimely filed).

Applicant contends that his appellate counsel rendered ineffective assistance because counsel filed an untimely petition for discretionary review, depriving him of the opportunity to seek

discretionary review of the appellate court's decision.

Appellate counsel filed an affidavit with the trial court. In his affidavit, appellate counsel blames his failure to file a timely PDR on Applicant's wife's alleged inability to arrange a meeting with the complainant so that counsel could obtain a recantation. Counsel states that "there was very little chance . . . of success on appeal without that recantation." Based on that affidavit, the trial court has signed findings of fact and conclusions of law that Applicant's claim "has no legal merit" and recommended that relief be denied.

We disagree. If counsel has agreed to prepare and file a petition for discretionary review, this is not a valid reason to delay preparation and filing of a PDR. A recantation made after the deadline for a motion for new trial could not be part of the appellate record. *See Farris v. State*, 712 S.W.2d 512, 515-16 n.3 (Tex. Crim. App. 1986) (noting that the appellate record cannot be supplemented with evidence not developed during trial proceedings and that newly available evidence can only be presented to an appellate court through a motion for new trial hearing or in a habeas corpus proceeding). Furthermore, "newly available" evidence obtained during the pendency of a direct appeal or PDR would not be relevant to any decision made concerning a PDR, which only reviews the decision of a court of appeals. TEX. R. APP. P. 66.3.

"Although there is no right to discretionary review, an appellant ordinarily has a right to file a PDR in an attempt to persuade us to exercise our discretion." *Ex parte Crow*, 180 S.W.3d 135, 138 (Tex. Crim. App. 2005). Appellate counsel's conduct caused the deprivation of the PDR proceeding to which Applicant was entitled. Based on our independent review of the record, we find that Applicant was entitled to be in the appellate process and would have timely filed a PDR, absent counsel's conduct. *Id.* at 139. We conclude, therefore, that Applicant is entitled to the opportunity

to file an out-of-time petition for discretionary review of the judgment of the Fourteenth Court of Appeals in Cause No. 14-05-01137-CR that affirmed his conviction in Case No. 03CR0733 from the 122nd Judicial District Court of Galveston County. Applicant shall file his petition for discretionary review with the Fourteenth Court of Appeals within 30 days of the date on which this Court's mandate issues.

Delivered: September 16, 2009
Do not publish