IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,215




EX PARTE RUSSELL KEVIN THOMPSON, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 03CR0733 IN THE 122ND DISTRICT COURT
FROM GALVESTON COUNTY




           Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault of a child and sentenced to eighteen years’ imprisonment. The Fourteenth Court of Appeals
affirmed his conviction. Thompson v. State, No. 14-05-01137-CR (Tex. App.–Houston [14th Dist.]
May 8, 2007, pet ref’d, untimely filed). 
            Applicant contends that his appellate counsel rendered ineffective assistance because counsel
filed an untimely petition for discretionary review, depriving him of the opportunity to seek
discretionary review of the appellate court’s decision. 
            Appellate counsel filed an affidavit with the trial court. In his affidavit, appellate counsel
blames his failure to file a timely PDR on Applicant’s wife’s alleged inability to arrange a meeting
with the complainant so that counsel could obtain a recantation. Counsel states that “there was very
little chance . . . of success on appeal without that recantation.” Based on that affidavit, the trial court
has signed findings of fact and conclusions of law that Applicant’s claim “has no legal merit” and
recommended that relief be denied. 
            We disagree. If counsel has agreed to prepare and file a petition for discretionary review, this
is not a valid reason to delay preparation and filing of a PDR. A recantation made after the deadline
for a motion for new trial could not be part of the appellate record. See Farris v. State, 712 S.W.2d
512, 515-16 n.3 (Tex. Crim. App. 1986) (noting that the appellate record cannot be supplemented
with evidence not developed during trial proceedings and that newly available evidence can only be
presented to an appellate court through a motion for new trial hearing or in a habeas corpus
proceeding). Furthermore, “newly available” evidence obtained during the pendency of a direct
appeal or PDR would not be relevant to any decision made concerning a PDR, which only reviews
the decision of a court of appeals. Tex. R. App. P. 66.3. 
             “Although there is no right to discretionary review, an appellant ordinarily has a right to file
a PDR in an attempt to persuade us to exercise our discretion.” Ex parte Crow, 180 S.W.3d 135, 138
(Tex. Crim. App. 2005). Appellate counsel’s conduct caused the deprivation of the PDR proceeding
to which Applicant was entitled. Based on our independent review of the record, we find that
Applicant was entitled to be in the appellate process and would have timely filed a PDR, absent
counsel’s conduct. Id. at 139. We conclude, therefore, that Applicant is entitled to the opportunity
to file an out-of-time petition for discretionary review of the judgment of the Fourteenth Court of
Appeals in Cause No. 14-05-01137-CR that affirmed his conviction in Case No. 03CR0733 from
the 122nd Judicial District Court of Galveston County. Applicant shall file his petition for
discretionary review with the Fourteenth Court of Appeals within 30 days of the date on which this
Court’s mandate issues.
 
Delivered: September 16, 2009
Do not publish