# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00044-CR

**Reginald Dane Parker, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT NO. D-1-DC-07-904079, HONORABLE DONALD LEONARD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Reginald Dane Parker was charged with evading arrest, enhanced by prior convictions, and pled not guilty, waiving his right to a jury trial. The trial court found him guilty and sentenced him to eight years' imprisonment. Appellant asserts that trial counsel was ineffective because she did not file a motion to suppress his arrest.[1] We affirm the trial court's judgment.

---

[1] Appellant has counsel on appeal but has also filed a pro se motion asking to discharge his attorney and proceed pro se on appeal. He also asks this Court to abate and remand the cause for a trial court hearing on whether he should be released on bail pending appeal. *See* Tex. Code Crim. Proc. Ann. art. 44.04 (West 2006). However, the complaints appellant raises in his affidavit and pro se motion—that his appellate attorney has been unresponsive and that he was convicted on the basis of perjured testimony—require evidence that is not included in the appellate record in this direct appeal. *See Farris v. State*, 712 S.W.2d 512, 515-16 (Tex. Crim. App. 1986) (appellate record does not include evidence not developed during trial; proper avenue for introducing such evidence is through hearing pursuant to motion for new trial or application for writ of habeas corpus). Further, there is no constitutional right to self-representation on appeal. *Martinez v. California*, 528 U.S. 152, 163 (2000); *see Hadnot v. State*, 14 S.W.3d 348, 350 (Tex. App.—Houston [14th Dist.] 2000, no pet.) ("No Texas court has recognized a state constitutional right to self-representation on direct appeal."). Finally, we note that appellant has filed a pro se petition for writ of habeas corpus in the trial court, raising the same complaints. We overrule appellant's pro se motion.

Travis County Deputy Sheriff Brian Whoolery testified that he was contacted by Detective Sydney Parker, who asked for Whoolery's assistance with an investigation into whether appellant had been involved in numerous thefts. Parker told Whoolery that he believed appellant had committed several thefts at the Austin State School and intended to commit more. Parker wanted to catch appellant in the act, so he arranged to have an electronic tracking device placed on appellant's vehicle so that appellant's movements could be tracked by computer. When the device showed that appellant had returned to the school grounds late at night, Whoolery and two other officers went to the school, and then went on foot to avoid alerting appellant to their presence. The officers testified that they were wearing long-sleeved police uniforms with silver stars, name tags, the word "SWAT" on the front, and "SHERIFF" on the back. The officers saw someone in dark clothing on top of a building and heard "metal being broken or cut." They waited near appellant's vehicle, which was parked in the location the tracking device had indicated, and when he returned and got into the vehicle, they identified themselves as law enforcement and told appellant to raise his hands. Appellant accelerated rapidly, nearly striking Whoolery, who shot at appellant's tires, and drove away wildly. The vehicle was soon found nearby, crashed into a tree, and appellant was arrested the next day, after he called the police to report that his vehicle had been stolen.

Appellant testified that he had been at the school that night but that he was there to try to capture wild hogs. He testified that he fled because he saw two men walk toward him with guns drawn, that the men were not wearing police uniforms, and that he did not hear them identify themselves or say anything before they fired at his vehicle. He admitted to making a false report that his vehicle had been stolen, saying, "When I called the police, I mean, I was—I was basically

confused. I mean, just so much had happened so fast, and I had to report it." He said, "I didn't know what else I was going to say to them to get them out there to the house," where he planned to report the shooting.

Appellant asserts that he received ineffective assistance of counsel at trial because his attorney did not file a motion to suppress. A defendant asserting ineffective assistance of counsel has the heavy burden of showing that trial counsel's performance fell below an objective standard of reasonableness and that the poor performance prejudiced the defendant's case. *Ex parte Nailor*, 149 S.W.3d 125, 130 (Tex. Crim. App. 2004). "Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Without an evidentiary hearing on the issue, the defendant's burden of showing ineffectiveness is difficult to meet, and we will rarely hold that counsel was ineffective. *Id.* at 813 & n.5.

Although appellate counsel was appointed one week after the judgment of conviction was signed, he did not file a motion for new trial alleging ineffective assistance of counsel, much less obtain a hearing on the issue.[2] In his brief, appellant argues that trial counsel was ineffective because she did not file a motion to suppress based on an illegally installed tracking device, stating that the officers' actions "*would have been* illegal *if* the police had not followed proper procedure" in installing the device. (Emphasis added.) However, there is no indication in the record that the police did not obtain a warrant or otherwise comply with the law in placing the device on appellant's

---

[2] Appellant filed a pro se motion for new trial complaining that the conviction was based on perjured testimony, but no hearing was held.

3

vehicle. It is entirely possible that trial counsel investigated, found out that the police acted properly, and decided not to pursue a fruitless motion to suppress. Appellant has shown neither that trial counsel's performance fell below an objective standard of reasonableness nor that her performance prejudiced appellant's defense. *See Nailor*, 149 S.W.3d at 130. We overrule appellant's sole issue and affirm the judgment of conviction.

_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed

Filed: November 19, 2009

Do Not Publish