**Order filed August 27, 2013.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-12-00796-CR

### LISA MICHELLE ESTRADA, Appellant
### V.
### THE STATE OF TEXAS, Appellee

_____

## NO. 14-12-00797-CR

### EX PARTE LISA MICHELLE ESTRADA

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1296827 & 1296827-A**

## CONTINUING ABATEMENT ORDER

In the appeal docketed under number 14-12-00796-CR, appellant appeals from the order adjudicating her guilt for theft and sentencing her to confinement for six months in state jail. In the appeal docketed under number 14-12-00797-CR, she appeals from the denial of her pre-trial application for writ of habeas corpus pursuant to Texas Code of Criminal Procedure article 11.072. *See Kniatt v. State*, 206 S.W.3d 657, 663-64 (Tex. Crim. App. 2006) (reaffirming rule that jurisdiction

is established at the time the writ is filed and is not defeated by subsequent adjudication of guilt). On appellant's motion, these appeals were consolidated.

Appellant requested supplementation of the appellate record with a police statement from witness Melanie Thomas in support of her contention that the State suppressed exculpatory evidence, rendering her plea involuntary. At the writ hearing, the court ordered: "In an abundance of caution, I'm going to go ahead and order that the State obtain a copy of that witness statement so that it can be made a part of this record for purposes of an appeal, if that's what you choose to do."

On March 21, 2013, this court ordered counsel for the State to see that the witness statement by Melanie Thomas is made a part of the record. We further ordered a supplemental clerk's record containing the witness statement by Melanie Thomas filed with the clerk of this court in the habeas appeal docketed under number 14-12-00797-CR on or before April 26, 2013. When no supplementation was filed, we issued a follow-up order on June 4, 2013.

On July 31, 2013, counsel for the State filed a notice in response to this court's order stating that he had located the witness statement of Melanie Thomas, and it is in the possession of the Houston Police Department. Neither the Harris County District Attorney's office nor the trial court's case file had a copy of the statement. Counsel for the State questions whether the witness statement properly can be made a part of the appellate record when it was not before the trial court. *See Ramirez v. State,* 104 S.W.3d 549, 551 n.9 (Tex. Crim. App. 2003) (concluding document submitted to trial court after it lost jurisdiction to take evidence was not part of record); *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001) (holding supplementation rules cannot be used to create a new record and denying request to supplement record with docket sheet from testifying witness's case).

2

Appellant's counsel also filed a notice in response to this court's orders in which he urges that supplementation of the record be permitted. Appellant argues that the trial court can reacquire authority to make documents part of the appellate record if the appellate court abates the appeal. *See Farris v. State*, 712 S.W.2d 512, 514 n.2 (Tex. Crim. App. 1986) (rejecting supplementation of the record with new testimony from the accomplice witness's trial because it was not developed in proceedings surrounding appellant's trial and the trial court did not take judicial notice of the testimony).

Accordingly, we issue the following order:

We **ORDER** the trial court to reconsider its order that the witness statement by Melanie Thomas be made a part of the record in the habeas appeal in light of the State's position that supplementation may be improper. An appellate court may not rely upon an invalid supplement to a record in deciding a defendant's appeal; we are limited to those portions of the record which have been properly approved. *Farris*, 712 S.W.2d at 514. The trial court may conduct a hearing regarding supplementation, if necessary. A record of any hearing and a supplemental clerk's record containing the trial court's findings or order regarding supplementation of the record shall be filed with the clerk of this court on or before **September 27, 2013.**

The appeals remain abated, treated as closed cases, and removed from this court's active docket. The appeals will be reinstated on this court's active docket when the supplemental clerk's record is filed in this court. The court will also consider an appropriate motion to reinstate the appeals filed by either party, or the court may reinstate the appeals on its own motion.

PER CURIAM

3