ACCEPTED
03-15-00553-CR
7083095
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/24/2015 1:44:44 PM
JEFFREY D. KYLE
CLERK

**No. 03-15-00553-CR**

---

In the Third Court of Appeals
Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

9/24/2015 1:44:44 PM

JEFFREY D. KYLE
Clerk

---

**THE STATE OF TEXAS,**

*Appellant,*

**v.**

**PHILIP DUBORD,**

*Appellee.*

---

On appeal from the County Court-at-Law Number Three,
Travis County, Texas
Trial Cause No. C-1-CR-12-204755

---

**STATE'S MOTION TO ABATE THE APPEAL
FOR SUPPLEMENTAL FINDINGS**

---

TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:

This is a State's appeal from an order suppressing evidence in an enhanced DWI case. CR 81. Judge Michael McCormick, sitting by assignment, made written findings on August 7, 2015. CR 82. A copy of the court's original findings is attached to this motion.

The only issue in this case—at the pre-trial hearing and on appeal—is the legality of the initial detention. The trial court's August 7th findings and conclusions do not provide an adequate basis upon which to review the court's application of the law to the facts. Specifically, the findings as they now stand say nothing about the officer's credibility, except to note that the court did not believe the officer's claim that he stopped Dubord for lane-change violations on Sixth Street. But the reporter's record does not support this finding, because it shows that Sergeant Johnson did not claim to have stopped Dubord for traffic infractions on Sixth Street. Instead, the testimony was that he stopped Dubord on suspicion of DWI

> [b]ased on the time of day, which was 1:44 a.m. in the morning; the location at which [he] observed the vehicle coming from, which would have been downtown Austin, which is occupied by many nightclubs and drinking establishments; the minor traffic violations of failing to signal intent, failing to maintain a single marked lane, and speeding, and then eventually running the red light[.]

2 RR 41. After the initial detention, Johnson approached the car and saw a female slumped over in the front passenger seat, passed out from intoxication. 2 RR 42, 44. The driver, who was later identified as Dubord,

had glassy eyes and an odor of alcohol about him. 2 RR 44. Sergeant Johnson was the supervising officer of the Austin Police Department's DWI enforcement team on the night in question, and has 16 years of law enforcement experience. 2 RR 5, 43.

The trial court's August 7th findings do not constitute the "essential findings" that the *Cullen* opinion contemplates. *State v. Cullen,* 195 S.W.3d 696, 699 (Tex. Crim. App. 2006) (upon timely request, trial court must give findings and conclusions adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts); *see also State v. Saenz,* 411 S.W.3d 488, 495 (Tex. Crim. App. 2013) (appellate court will not presume factual findings that may be dispositive in a case when a trial court's findings are an inadequate basis upon which to make a legal conclusion); *State v. Mendoza,* 365 S.W.3d 666, 670 (Tex. Crim. App. 2012) (same)*; State v. Elias,* 339 S.W.3d 667, 676 (Tex. Crim. App. 2011) (trial court has an obligation to make findings and conclusions that are adequate and complete, covering every potentially dispositive issue that might reasonably be said to have arisen in the course of the

suppression proceedings). The State therefore requested supplemental findings on August 20th.[1] CR 87.

Now that the appellate record has been filed, the trial court no longer has jurisdiction to make supplemental findings. TEX. R. APP. P. 25.2(g); *Farris v. State*, 712 S.W.2d 512, 514 (Tex. Crim. App. 1986) (holding trial court's power to act in a given case ends when the appellate record is filed in appellate court, except for matters concerning bond, and trial court's attempt to supplement record after appellate record was filed was invalid). The State therefore moves to abate. Rather than imply findings in support of the ruling, appellate courts must abate and remand the case to the trial judge to make findings of fact with greater specificity when the original findings are insufficient to resolve the legal question. The trial judge is in the best position to clarify ambiguous factual findings and to make explicit

---

[1]  Because Judge McCormick does not have an e-mail address, the State sent the request for supplemental findings to his Lockhart address via Federal Express. The State included a transcription of the reporter's record with its request for supplemental findings. Judge McCormick signed for the package when it was delivered to him on August 21st. The Lockhart address is 703 West San Antonio, Lockhart, Texas 78644.

credibility determinations. *Mendoza,* 365 S.W.3d at 673; *see also* TEX. R. APP. P. 44.4.

## PRAYER

For these reasons, the State asks the Court to abate this appeal and remand to the trial court, with instructions to supplement the findings sufficiently to satisfy *Cullen'*s requirement of "essential findings," i.e., findings and conclusions adequate to provide the Third Court with a basis upon which to review the trial court's application of the law to the facts.

Respectfully submitted,

DAVID A. ESCAMILLA
TRAVIS COUNTY ATTORNEY

Giselle Horton
Assistant Travis County Attorney
State Bar Number 10018000
Post Office Box 1748
Austin, Texas 78767
Telephone: (512)854-9415
TCAppellate@traviscountytx.gov

ATTORNEYS FOR THE STATE OF TEXAS

## CERTIFICATE OF COMPLIANCE

Relying on Corel WordPerfect's word-count function, I certify that this document complies with the word-count limitations of TEX. R. APP. P. 9.4. Not counting the attachment, the document contains 932 words.

_____
Giselle Horton

## CERTIFICATE OF SERVICE

I certify that I have sent a complete and legible copy of this State's motion via electronic transmission, to Mr. Dubord's attorney of record, Mr. Wayne Meissner, at wmeissner@fitzgeraldmeissner.com, on September 24, 2015.

_____
Giselle Horton
Assistant Travis County Attorney

Cause No. C-1-CR-12-204755

| | | |
|---|---|---|
| THE STATE OF TEXAS | * | IN COUNTY COURT |
| | * | |
| Vs. | * | AT LAW NO. 3 |
| | * | |
| PHILLIP M. DUBORD | * | TRAVIS COUNTY, TEXAS |

## FINDINGS OF FACT AND CONCLUSION OF LAW ON DEFENDANT'S MOTION TO SUPPRESS EVIDENCE

After a hearing on Defendant's motion the court makes the following findings of fact:

1. In the early morning hours of 3-23-12 Officer Johnson observed the Defendant traveling west in the 1600 block of West Sixth Street.
2. The Defendant moved across two lanes of traffic and headed onto MoPac Boulevard, and Officer Johnson followed.
3. Officer Johnson testified he followed the Defendant for approximately six more miles before stopping him, testifying that the defendant crossed from his lane of travel on more than one occasion.

CONCLUSION OF LAW

Defendant argues his stop and arrest were without probable cause.

The fact the officer waited six miles to stop the defendant diminishes the credibility of his claim that he stopped the defendant for lane change violations on Sixth Street.

**Filed For Record**
At 10:49 o'clock A M.
_____ Day of AUG - 7 2015, 201_
Dana DeBeauvoir
County Clerk, Travis County, Texas

Michael J. McCormick
Judge Presiding
August 7, 2015

7